VANNEVAR *v.* BRYANT.

1. A suit in a State court against several defendants, in which the plaintiff and certain of the defendants are citizens of the same State, and the remaining defendants citizens of other States, cannot be removed to the Circuit Court under the act of March 2d, 1867. *The Case of the Sewing Machines* (18 Wallace, 553), affirmed.

2. Nor if the plaintiff was a citizen of one State and the defendants all citizens of one other State, could such removal be made where one trial has been had and a motion for a new trial is yet pending and undisposed of. To authorize a removal under the abovementioned act, the action must at the time of the application for removal, be actually pending for trial.

ERROR to the Superior Court of Massachusetts; the case being thus:

An act of Congress of March 2d, 1867, "to *amend*" a

---

\* 11 Wallace, 172.

prior act "for the removal of causes in certain cases from State courts" (the act quoted *supra*, pp. 36, 37), enacts as follows:

"Where a suit is pending in any State court in which there is a controversy between *a citizen of the State in which the suit is brought and a citizen of another State* . . . such citizen of another State, whether he be plaintiff or defendant, if he will file an affidavit, &c., . . . may at any time *before the final hearing or trial of the suit*, file a petition for the removal of the *suit* into the next Circuit Court of the United States, to be held in the district where the suit is pending, &c., . . . and it shall, thereupon, be the duty of the State court . . . to proceed no further in the *suit*. And copies, &c., being entered in such court of the United States, the suit shall there proceed in the same manner as if it had been brought there by original process," &c.

This statute being in force, Bryant sued Vannevar, and seven other persons, owners of the steamboat Eastern Queen, in the Superior Court of Massachusetts, to recover damages for an unlawful assault upon him by their servants and agents while he was a passenger on their boat from Boston to Gardiner. The plaintiff and four of the defendants were citizens of Massachusetts, but three of the defendants were citizens of Maine, and one of Missouri. The defence was joint. A trial was had by a jury, which resulted in a verdict of $8000 against all the defendants. Thereupon all the defendants joined in a motion to set aside the verdict and for a new trial because the damages were excessive. Pending this motion and before judgment upon the verdict, the three defendants who were citizens of Maine presented their petition for the removal of the *suit* to the Circuit Court of the United States, and accompanied it with the necessary affidavits and bond, under the above act of March 2d, 1867. The court refused to allow the transfer, and this refusal was now assigned for error.

*Mr. R. M. Morse, Jr., for the plaintiff in error; Mr. C. R. Train, contra.*

The CHIEF JUSTICE delivered the opinion of the court.

In the case of the *Sewing Machine Companies*,* it was held that an action upon a contract by a plaintiff, who was a citizen of the State in which the suit was brought, against two defendants, who were citizens of other States, and a third who was a citizen of the same State as the plaintiff, was not removable to the Circuit Court under this act upon the petition of the two non-resident defendants. Without considering the question whether, in an action of tort by a resident plaintiff, a non-resident defendant can, at a proper stage of the proceedings and upon proper showing, remove the cause as against himself, to the Circuit Court, under the act of 27th July, 1866,† we are clearly of the opinion that this case comes within the principle settled in that of the *Sewing Machine Companies*. The petition was filed under the act of 1867, for a removal of the suit, and not, under the act of 1866, for its removal as against the non-resident defendants.

The transfer was also properly refused for another reason. The act authorizes the petition for removal to be filed "at any time before the final hearing or trial of the suit." The hearing or trial, here referred to, is the examination of the facts in issue. Hearing applies to suits in chancery and trial to actions at law. In *Insurance Company* v. *Dunn*,‡ it was held, that after a motion for a new trial had been granted, a removal might be had. But after one trial the right to a second must be perfected before a demand for the transfer can properly be made. Every trial of a cause is final until, in some form, it has been vacated. Causes cannot be removed to the Circuit Court for a review of the action of the State court, but only for trial. The Circuit Court cannot, after one trial in a State court, determine whether there shall be another. That is for the State court. To authorize the removal, the action must, at the time of the application, be actually pending for trial. Such was not the case here.

JUDGMENT AFFIRMED.

---

* 18 Wallace, 553.

† 14 Stat. at Large, 306.   See the act, *supra*, p. 36.—REP.

‡ 19 Wallace, 214.