## BARBER v. THE ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY COMPANY.

1. **Jurisdiction:** REMOVAL OF CAUSE TO FEDERAL COURT. The fact that a statute governing the removal of causes to the federal court had not been published in such a manner as to bring it to the notice of the parties, or their attorneys, will not operate to suspend its enforcement against them.

2. ———: ———: APPLICATION FOR. An application for the removal of a cause on the ground that the parties are residents of different States must be made at or before the first term at which it could be triable,

and a subsequent application will not avail, even though it appear that the cause could not, in fact, have been reached for trial before.

3. ——: ——: PREJUDICE AND LOCAL INFLUENCE. Under § 639, U. S. Rev. Statutes, causes between residents of different states may be removed from the state to the federal courts, upon a showing of prejudice and local influence whereby justice would be defeated; and an application based upon this ground may be made at any time before. trial.

4. ——: ——: SUBSEQUENT ENACTMENT. Section 639, U. S. Rev. Statutes was not repealed by the enactment of the Act of March 3, 1875.

*Appeal from Van Buren Circuit Court.*

TUESDAY, JUNE 6.

THIS action was brought in the Circuit Court of Wapello county to recover for personal injuries sustained by plaintiff, on account of being run over by a locomotive operated upon defendant's railroad. The petition was filed February 19, 1875, and defendant answered thereto, at or prior to the following term of the court held in March. At that term, on the 20th of March, the venue of the cause was changed to Van Buren county on application of defendant, based upon the ground of the prejudice of the people of Wapello county. On the fourth day of the April term of court held in Van Buren county, the papers in the case were filed in the clerk's office in that county, and, on the 12th day, application was made by defendant for the removal of the cause to the U. S. Circuit Court. The ground of this application was, that defendant was a citizen of the State of Missouri. An amendment to this application was subsequently filed, showing that the attorneys of defendant conducting the cause did not know of the existence of the Act of Congress of March 3rd, 1875, at the time the venue was changed from Wapello county. It was further shown that, in the opinion of counsel, the cause could not have been tried at the return term of the Wapello court. Subsequently, at the same term, defendant filed another petition for the transfer of the cause to the U. S. Court, on the ground of prejudice and local influence existing in the county where the suit was pending. Proper bonds with sufficient security, as pro-

vided by the statutes of the United States, were filed with these applications. The court overruled them, and refused to transfer the cause to the United States Circuit Court. From this decision, defendant appeals.

*Trimble & Carruthers*, for appellant.

Repeals by implication are not favored. (*Casey v. Harned*, 5 Iowa, 1; *Harriman v. The State*, 2 G. Greene, 270; *Burke v. Jeffries et al.*, 20 Iowa, 145; *Baker & Griffith v. S. B. Milwaukee*, 14 Id., 214.) A subsequent act does not necessarily repeal a former act on the same subject. It is the duty of court to construe them so as to avoid conflict and inconsistencies. (*Robertson v. Young*, 10 Iowa, 29; *Thatcher v. Haun*, 12 Id., 303; *Yant v. Brooks*, 19 Id., 87.) No repeal takes place unless there is an absolute inconsistency. (*The State v. Shaw*, 28 Iowa, 67.) The court had no jurisdiction over the cause after the application was made. (*Herford v. Etna Ins. Co.*, 42 Mo., 151.)

*H. B. Hendershott*, for appellee.

Under the act of 1789 the party was required to make his application for removal of the cause at the time of entering his appearance in the state court. (*Gibson v. Johnson*, Pet. C. C. Rep., 44; *Ward v. Arredondo*, 1 Paine, 410.) It was the intention of the act of March 3, 1875, to consolidate into one statute all the previous enactments on the subject of removals from the state to the federal courts. (*Osgood v. C. D. & V. R. Co.*, Chic. Leg. News, April 17, 1875.)

BECK, J.—The first application of defendant was under the Act of Congress of March 3rd, 1875, which authorizes either party to suits of the character and between parties specified, to remove them to the United States Circuit Courts, upon a petition filed "before or at the term at which said cause could be first tried, and before the trial thereof." Sec. 3. Counsel for defendant first claim that their petition was within the spirit of this statute, and their application should have been granted under it.

I.   They insist that, as the law had not been published and
was not known to them, which is shown in their affidavits,
they could not have complied with its require-
ments while the cause was pending in Wapello
county.  It is not claimed that the law was not in
force at the time, or that it was not *published* in
such a sense as to make it operative.  We understand from
the showing of counsel, that they simply claim it was not
so published as to be known to them.  If the law was in force,
the ignorance, from any cause, of those affected by it is no
reason why it should not be enforced against them.

*1. JURISDIC-
TION: remov-
al of cause to
federal court:
ignorance of
statute.*

II.   It is next urged that it was shown to the court that, on
account of other business pending before the Wapello court,
the cause could not have been tried there at the
return term.  But the language of the statute
above quoted evidently is intended to indicate the first trial
term of the court.  It was not intended, upon applications of
this kind, to raise questions as to the possibility of reaching a
cause and the like, but simply whether, under the law and rules
of the court, the cause *can* be tried.  As the cause before us
was triable at the appearance term of the Wapello court, the
application for its transfer to the United States Court should
have been made at that term, if at all.

*2. ———: ——:
application
for.*

II.   The second application of defendant for the transfer
of the cause was made to conform to the requirements of the
Act of Congress of July 27, 1866, as amended by the Act of
March 2, 1867.  These acts, together with that of Sept. 24,
1789, are substantially incorporated into Sec. 639 of the U.
S. Revised Statutes, and, it is presumed, are repealed thereby.
§ 5596.  It is insisted by counsel for plaintiff that § 639 is
repealed by the later Act of March 3, 1875, and that, as the
last application of defendant was in conformity with that sec-
tion and not with the statute in force, the Circuit Court cor-
rectly ruled in refusing to send the cause to the United States
Court.  We are required to determine whether the prior
enactments are repealed by the act last mentioned.

The statute, it will be observed, applies to all cases of which
the State and Federal courts have concurrent jurisdiction

under the constitution of the United States, as interpreted by the Supreme Court, and provides that either party, in any such case, may remove it to the Circuit Court of the United States for the proper district. § 2. The section next following provides at what *time* such removal may be made, and the proceeding to be had authorizing it. The application is to be at the appearance term, before trial, and may be made at the option of the party without showing cause therefor. This statute confers the right of removal, and prescribes the conditions under which it may be exercised. The right can only be exercised in the manner and at the time provided by the statute.

Under the Revised Statutes, § 639, in cases of the character

**3. ——: ——.** of the one before us, namely: those between citizens of the State wherein they are brought, and **prejudice and local influence.** citizens of other States, the ground of the removal is the showing of prejudice and local influence, whereby justice would be defeated. This statute provides that the right of removal conferred thereby may be exercised at any time before trial, upon a showing of prejudice and local influence.

It will be observed that, while the two statutes confer the

**4. ——: ——:** same right, they contain different provisions governing its exercise. In one instance the right is **subsequent enactment.** to be exercised at the option of the party, during the appearance term, before trial; in the other, for prejudice or local influence, at any time before trial. The subjects of the statutes are not confined exclusively to the right of removal — the time thereof and the proceedings to authorize the removal are of the subjects of the enactments. The statutes, having different subjects in their provisions, are not in conflict. The last section of the later act (§ 10), which provides that all conflicting statutes are repealed, does not repeal the provision of § 639, Revised Statutes, providing for the removal of cause on the ground of prejudice and local influence. There is no ground for holding the last act to be repealed by implication.

It follows, from these views, that the Circuit Court erred in refusing to order the removal of the cause, upon the application of defendant, grounded upon prejudice and local influence.

REVERSED.