* F. J. SWANN and others v. GEORGE MYERS and others.

*Practice—Removal of action to U. S. Court—Parties in Interest.*

1. Where there are several parties defendant to an action pending in the Superior Court, and one of them is a non-resident, a motion by such defendant to remove the action to the United States Court (under U. S. Rev. Stat. § 639) will be granted, if the other defendants are not necessary parties and a full and final determination of the matter can be had without their presence in Court.

* Smith, C. J. having been of counsel did not sit on the hearing of this case.

2. In an action to recover land, in the possession of M, a non–resident defendant, who claimed the legal estate therein, where the plaintiffs alleged that the co-defendants of M were their trustees and held the legal estate in the land for their use ; *It was held*, that the co-defendants of M were not necessary parties defendant, that their interest in the land, if any, was adverse to M, and that they were substantially plaintiffs ; and that the action, on motion of M, should be removed for trial to the United States Court.

MOTION to remove the Cause heard at Spring Term, 1878, of COMLUBUS Superior Court, before *Eure, J.*

The material facts appear in the opinion. His Honor refused the motion and the defendant appealed. (See same case, 75 N. C. 585.)

*Messrs. W. S. & D. J. Devane, T. H. Sutton* and *Battle & Mordecai,* for plaintiffs.

*Messrs. A. T. & J. London,* for defendant.

RODMAN, J. This is a motion by Myers one of the defendants to remove the action to the Circuit Court of the United States for trial upon the ground of prejudice or local influence, under the act of the 2nd of March, 1867. (Rev. Stat. of U. S., § 639, and 2 Abbott Prac. 39). All the plaintiffs are citizens and residents of North Carolina, as are all the defendants except Myers who is a citizen and resident of New York. If Myers were the only defendant there would be no objection to granting his motion. We understand it to be settled however by the cases of the *Sewing Machine Co.*, 18 Wall. 553, *Vanever* v. *Bryant,* 21 Wall. 41, and *Gardner* v. *Brown,* Ib. 36, that if the other defendants are necessary parties to the action without whose presence in Court no full or final determination of the matters in controversy can be made, the defendant Myers is not entitled to have his motion granted. Then, are the other defendants, or any of them such necessary parties ?

For the intelligible consideration of this question it is necessary to state in a summary way the claims of the parties upon what seem to be the undisputed facts.

Alice Heron being seized in fee of the land in question, made her will and died in 1813. By said will she devised the residue of her land (which included that in question) "to John Waddell and John R. London, and the survivor, and *the executor of such survivor*," in trust for the separate use of Frances Swann (her grand-daughter) for life, with remainder to her children living at her death, and in default of children living at her death, in trust for the issue of her children, and in default of such issue who arrive at the age of twenty-one, then to her own heirs.

By a subsequent clause of her will the testatrix provided as follows: " And it is my will that the trustees aforesaid, and the survivor, and the executor of the survivor, in the soundness of their discretion may join with the *cestui que use* or guardian of *cestui que use* in making any conveyances of the above property settled as aforesaid as may to them seem proper." Of the executors named, London alone qualified. He survived Waddell and died leaving a will by which he made Marsden Campbell and William C. Lord his executors.

On the 12th of February, 1836, a deed professing to be under the power in the will was made by John Swann, and the said Frances his wife, and the said Lord, and the said Campbell by said Lord as his attorney, conveying said land to one Buck under whom defendant Myers claims, and he and those who claim under him have been in possession ever since. There is no evidence other than that appearing in the deed that Lord was the attorney of Campbell. Lord survived Campbell; the defendants (except Myers) are his heirs, and the plaintiffs are the children or issue of Frances Swann and also heirs of Alice Heron. Francis Swann died in 1871.

The case came before this Court at June Term, 1876, on

an appeal by the plaintiffs.  75 N. C. 585.  The *decision* of
the Court granted a new trial.  The opinion of the Court,
however, held (1.) That the deed to Buck was not a valid
execution of the power, for want of execution by Campbell,
and it consequently did not convey a fee simple.  (2) That
it did convey the equitable life estate of Francis Swann, and
that the possession of Buck and his assignee did not be-
come adverse until her death in 1871.  (3.) It expressed a
doubt as to whether upon the death of Lord the bare legal
estate descended to his heirs (the defendants, excepting
Myers) or reverted to the heirs of Alice Heron.  This ques-
tion however is merely one of form and of no practical im-
portance, for if there be a trust outstanding for the plain-
tiffs, the Court will compel the trustees, whoever they may
be, to hold the legal estate for them.  It seems sufficiently
clear though that by force of § 45 of ch. 119 of Bat. Rev.
(Wills) by which all devises are construed to be in fee un-
less otherwise expressed, that Lord took a fee and the legal
estate descended to his heirs.

If this Court shall decide that the case can not be re-
moved, it can only be on the ground taken by the plain-
tiffs, that the defendants (excepting Myers) are trustees and
hold the legal estate ; which would be to decide that they
are trustees for the plaintiffs and bound to convey to them.
It is not and can not be contended that the said defen-
dants are trustees for Myers.  His claim is and must neces-
sarily be that the legal estate passed to Buck either by the
deed of 1836 or by an adverse possession beginning at
that time, and is now in him as the assignee of Buck.  The
only substantial question in the case is whether the said
defendants are trustees.  By refusing to remove the case on
the ground that said defendants are trustees, and therefore
necessary parties to a full determination of all the matters
in controversy, this Court would decide against the de-
fendant the only matter in controversy ; it would refuse to

SWANN *v.* MYERS.

him a trial of his claim by a Court which he believes more free from prejudice and local influence than a State Court, because in our opinion he has no legal claim. We are of the opinion that the title of the plaintiffs can be tried and adjudged on the absence of the said defendants who are alleged to be trustees for the plaintiffs, and whose estate if any is a merely nominal one. The plaintiffs claim only an equitable estate, and can under our law recover upon that. They might have joined the nominal defendants with them as plaintiffs, and they may be more naturally arranged on that side. That they have been put on the same side with the defendant Myers with whom they have no community but an opposition of interest, ought not to prejudice his rights. Their interests as far as they have any are with the plaintiffs who claim them as their trustees, and such they are if they have any legal interest at all, and if those defendants had been made nominally plaintiffs as substantially they are, there could be no question as to the right of Myers to remove the case.

We think his motion should be allowed and the case removed to the Circuit Court of the United States and an order will issue to the Superior Court of Columbus to that effect.

Error.

PER CURIAM.                                    Judgment reversed.