## BRAYLEY v. HEDGES.

1. **Practice:** REMOVAL OF CAUSES: TRIAL.   A cause may be removed to
   the federal court, under the provisions of section 639 of the Revised
   Statutes of the United States, after a trial and judgment in the state
   court, where such judgment has been reversed on appeal and the cause
   remanded by the Supreme Court for a new trial.

2. ——: ——: JURISDICTION.   Where the petition in an action states the
   amount claimed as a certain sum, with interest from a given date, it is
   proper to consider the interest in determining whether the amount in
   controversy is sufficient to authorize a removal of the cause to the fed-
   eral court.

*Appeal from Woodbury Circuit Court.*

WEDNESDAY, APRIL 27.

ACTION AT LAW.   Upon the petition of plaintiff the cause
was removed to the United States Circuit Court. · From the
order of removal defendant appeals.   The facts of the case
appear in the opinion.

*Joy & Wright,* for appellant.

*Marks & Blood,* for appellee.

BECK, J.—I.   The cause had been tried in the Circuit
Court and a verdict and judgment had for plaintiff.   Upon
an appeal to this court the judgment of the Circuit Court
was reversed for error in refusing certain instructions to the

jury asked by plaintiff, and the cause was remanded. Thereupon, after a certified copy of the opinion of this court had been filed in the Circuit Court, the plaintiff filed his petition asking a removal of the cause to the Circuit Court of the United States. The petition shows that plaintiff is a citizen of the State of New York, and defendant is a citizen of the State of Iowa. An affidavit of plaintiff accompanies the petition alleging he has reason to believe, and does believe, that on account of prejudice and local influence he will not be able to obtain justice in the state court. Upon this petition and plaintiff's affidavit the Circuit Court entered an order removing the cause to the United States Circuit Court.

II. Counsel for defendant insist that the court below erred in its order, for the reason that after a verdict and

1. PRACTICE: judgment the law does not authorize the removal
removal of
causes: trial. of the cause, although the judgment has been set aside upon an appeal and a new trial awarded by this court.

The statute applicable to this case is section 639, page 3, of the U. S. Revised Statutes, which is as follows:

" When a suit is between a citizen of the state in which it is brought and a citizen of another state, it may be so removed on the petition of the latter, whether he be plaintiff or defendant, filed at any time before the trial or final hearing of the suit, if, before or at the time of filing said petition, he makes and files in said state court an affidavit, stating that he has reason to believe, and does believe, that, from prejudice or local influence, he will not be able to obtain justice in such state court."

The Act of Congress of March 3, 1875 (which does not repeal the foregoing provision, *Barber v. The St. L., K. C. & N. R. Co.*, 43 Iowa, 223), is not applicable to this case.

Counsel maintain that, as there has been a trial of the cause, under the express language of the provision just quoted it cannot be removed to the federal court.

The cause upon reversal by this court was remanded to the court below, where it was pending in precisely the same con-

dition as though no trial and judgment were had. The first trial settled nothing as to the issues of fact in the case; the judgment of the court below was set aside by the decision of this court, which settled questions of law involved in the case. The first trial in such a case is to be regarded as a mistrial, and in no manner settles or affects the rights of the parties as to the merits of the action based upon the facts. The parties, after reversal by this court, could amend their pleadings, and in that way the issues could have been changed.

The object of the statute is to protect parties from prejudice and local influence, which could certainly arise and exist after a mistrial. Such being the object of the law we are not authorized to limit the exercise of the right of removal after a mistrial unless the language of the statute so prescribes.

The statute declares that the petition and affidavit for removal shall be filed at any time before the trial or final hearing. The words "final hearing" refer to actions in chancery. *Vannevar v. Bryant,* 21 Wall., 41. The petition must be filed at any time before *"the trial,"* not before *a* trial or *any* trial. "The trial" of a cause cannot mean *a* mistrial which counts for nothing. The words surely refer to that trial which shall determine the issue of fact in the case, which is the object of the trial. A mistrial, therefore, was not in the contemplation of the law-makers.

Our views and conclusions are supported by the following cases: *Yulee v. Vose,* 99 U. S., 539; *Vannevar v. Bryant,* 21 Wall., 41; *Insurance Co. v. Dunn,* 19 Wall., 214.

Counsel for plaintiff cite the following authorities: *Home Life Ins. Co. v. Dunn, Admr'x,* 20 Ohio, 175; *Akerly v. Vials,* 24 Wis., 165; *Crane v. Reeder,* 28 Mich., 527; *Galpin v. Cretchlow,* 112 Mass., 339; *Chandler v. Coe,* 56 N. H., 184; *Cont. Ins. Co. v. Kosey,* 26 Gast., 216.

Some of these authorities give strong support to counsel's position. But we think the conclusion we have reached accords with the doctrines of the U. S. Supreme Court, and is

in harmony with principle and the true construction of the statute in question.

III.   The plaintiff in his petition asks judgment for $483.47-100 " and interest at ten per cent from August 10, 1878."   To authorize the removal of a cause to *jurisdiction.* the United States court the amount in dispute must exceed $500.   U. S. Rev. Statutes, Sec. 639.   This amount must be determined by the petition, declaration or complaint.   The petition in the case before us claims $483.-97-100 and *ten per cent interest.*   The interest added to the amount specified determines the amount claimed, which is in excess of $500, the sum limited in the statute.

We have considered all the points made in defendant's argument.   The judgment of the Circuit Court must be

AFFIRMED.