WHITEHOUSE, Assignee, *v.* THE CONTINENTAL FIRE INS. CO.*

SAME *v.* THE COM. FIRE INS. CO.

SAME *v.* THE MANHATTAN FIRE INS. CO.

*(Circuit Court, E. D. Pennsylvania.* May 18, 1880.)

REMOVAL OF CAUSES—TIME OF REMOVAL—ACT OF CONGRESS.—Under the act of March 3, 1875, it is not necessary that the cause should be removed from the state court at the first term at which it could be put at issue, but it may be removed at any time before the pleadings are completed, or at the first term following their completion.

SAME—REMOVAL FOR LOCAL INFLUENCE OR PREJUDICE.—The provisions of the act of 1867, (Rev. St. § 639,) for the removal of causes from the state courts, on the ground of local influence or prejudice, are not repealed by the act of 1875.

These were rules to remand causes to the state court.

The record showed that the above suits were commenced in the court of common pleas of Schuylkill county, Pennsylvania, on September 5, 1874. Defendants appeared by counsel, but no declaration was filed, or any further proceedings taken, until November 17, 1879, when defendants filed petitions for the removal of the causes to the United States circuit court. The petitions set forth that the matters in dispute in each case exceeded $500; that the controversy was between citizens of different states, the plaintiff being a citizen of Pennsylvania, and the defendants being corporations organized under the laws of New York, and having their principal offices in the city of New York; and that petitioners believed that, from prejudice and local influence, justice could not be obtained in the state court. The petitions were accompanied with the usual bonds to remove the record to the United States court, and the record was filed in the circuit court at the first term after the filing of the petitions.

*Hon. J. B. Reilly,* for plaintiff.

*G. R. & S. H. Kaercher* and *E. D. Smith,* for defendants.

BUTLER, D. J. The rules taken must be dismissed. The act of March 3, 1875, section 3, requires the petition for removal

*Prepared by Frank P. Pritchard, Esq., of the Philadelphia Bar.

to be filed "before or at the term at which such cause could be first tried." The causes here involved, were not at issue, nor had any step been taken to put them at issue, when the petition was filed. In that condition they could not be tried. The citation from "Buskin's Indiana Practice"—"*We understand* that Justice Davis, when sitting in circuit for the district of Indiana, held that the application for removal must be made at the first term at which the cause could be *put at issue*"—is too uncertain to be regarded as authority. Much more important are the cases of *Scott et al., Trustees,* v. *Clinton & Springfield R. Co.* 8 Chicago Legal News, 210, (6 Bissell, 529,) and *Michigan R. Co.* v. *Andes Insurance Co.* 9 Chicago Legal News, 34, in which it was held that, inasmuch as the cause cannot be tried, until the issues are made up, the application is in time if it come before the pleadings are completed, or the next term following their completion. In the valuable note to *Taylor* v. *Rockefellow,* Am. Law Reg. (N. S.) vol. 18, No. 5, p. 313, the same judgment is expressed by the intelligent author.

This construction is consistent with the spirit of the statute, as well as with its terms. The object in limiting the time for application is to guard against loss of opportunity for trial, from delay in making it. Where, as here, it is made before any step has been taken towards forming an issue, no such loss can result.

But these applications are within the terms of the act of 1867, providing for causes in which local influence or prejudice is likely to defeat the ends of justice, Rev. St. § 639; Dillon on "Removal of Causes," 22, 23, 25, as well as that of 1875; and they might, therefore, have been made at "any time before *trial or final hearing.*" *Insurance Co.* v. *Dunn,* 19 Wall. 214; *Vannever* v. *Bryant,* 21 Wall. 41. There has been no express repeal of this provision of the statute of 1867, and there does not seem to be any by implication. Dillon on "Removal of Causes," 25; *Cook* v. *Ford et al.* 16 Am. Law Reg. (N. S.) 417; *Zinc Co.* v. *Trotter,* 17 Am. Law Reg. (N. S.) 376. Regarding it as in force, all question respecting the defendant's right to trial here is removed.

The other matters objected to are immaterial.