In re DUANE.

(District Court, D. Massachusetts. September 16, 1919.)

No. 2462.

1. REMOVAL OF CAUSES ☞79(11)—TIME FOR APPLICATION; ACTIONS AGAINST UNITED STATES OFFICERS.

Under Judicial Code, § 33, as amended by Act Aug. 23, 1916 (Comp. St. § 1015), providing for removal into a federal court by certiorari, "at any time before trial or final hearing thereof," of a prosecution in a state court against any officer of a court of the United States for or on account of any act done under the color of his office, a petition for such removal is seasonable, although filed after judgment in the state court, where an appeal has been taken, which under the state law vacates such judgment and removes the case into the appellate court for a retrial.

2. REMOVAL OF CAUSES. ☞85½, New, vol. 9A Key-No. Series—ACTIONS AGAINST UNITED STATES OFFICERS; PROCEDURE.

On petition of a federal officer for a writ of certiorari, under Judicial Code, § 33, as amended by Act Aug. 23, 1916 (Comp. St. § 1015), to remove a criminal prosecution against him from a state court, where the allegations of the petition are denied by the state authorities, the better practice is to hear and determine the jurisdictional question in a preliminary way before granting the writ, unless it appears to the court that an emergency exists requiring its immediate issuance.

At Law. Petition by Patrick J. Duane for writ of certiorari. Held for preliminary hearing.

Patrick J. Duane, of Waltham, Mass., pro se.

MORTON, District Judge. [1] The district court of the state had jurisdiction of the complaint for disturbing the peace (Rev. Laws Mass. c. 160, § 27); but its decision was vacated by the appeal, the effect of which was, in substance, to remove the entire controversy into the superior court for retrial.

This application for certiorari—it is in effect a removal proceeding, quite different from the common-law writ of certiorari—is made under section 33 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1097), as amended by Act Aug. 23, 1916, c. 399, 39 Stats. 532 (U. S. Compiled Stats. § 1015). It is not controverted that the petitioner was an "officer of the courts of the United States," within the meaning of the Act. It has been several times decided, under language like this section, that a petition for removal was not too late if filed after a disagreement of the jury, or after a judgment had been rendered in the trial court, which had been vacated on appeal, and the case sent back for retrial.[1] That is substantially the situation of the present controversy. There is at present no judgment or sentence outstanding

---

[1] See Dart v. Walker, 4 Daly (N. Y.) 188; Clark v. D. & H. Canal Co., 11 R. I. 36; Burson et al. v. Nat. Park Bank, 40 Ind. 173, 13 Am. Rep. 285; Rosenfield v. J. E. Condict Co., 44 Tex. 464; Brayley v. Hedges, 53 Iowa, 582, 5 N. W. 748. Unless the words "final trial or hearing" in the act of 1866 be given a different meaning from the words "trial or final hearing" in the act of 1867, Insurance Co. v. Dunn, 19 Wall. 214, 226, 22 L. Ed. 68, is conclusive for the petitioner.

against the petitioner. I therefore rule that the petition for certiorari is seasonably filed.

[2] On the allegations of the petition, the petitioner is entitled to the writ; but those statements are disputed by the state authorities, who contend that the petitioner was not acting as a federal officer. An issue of fact is thus presented, and on the determination of it depends the petitioner's right to the writ for which he prays.

There appears to be considerable uncertainty both as to substantive rights and proper practice under this statute. The petitioner's first contention, viz. that the mere filing of a petition for removal good on its face brings the case within the jurisdiction of this court, has been held to be unsound:

"To my mind it is a condition precedent to the right of the federal court to try the case on its merits that it be made to appear that the essential allegations of the petition for removal are true." McDowell, J., in State of Virginia v. Felts (C. C.) 133 Fed. 85, 89.

The petitioner next contends that upon the filing of a proper petition the writ should issue, and the case be taken from the state court without any hearing on the truth of the allegations in the petition. This would be analogous to the practice in the removal of civil causes for diversity of citizenship; and cases are conceivable in which it would be necessary for the federal court to act at once in order to protect a petitioner's rights. If the procedure in civil cases be followed, the state could come in and move to remand; and on that motion the facts would be heard. There is, however, an important distinction between civil cases and criminal ones, to which the state itself is a party. A state ought not to be interfered with by the federal courts in the enforcement of its criminal law, unless such action is unavoidable in the protection of established rights.

It seems to me that the best practice will be for this court, upon the filing of such a petition as is here presented, to the granting of which objection is seasonably made by the state authorities, to proceed to hear and determine the jurisdictional facts as far as necessary for the purpose of determining whether the case probably ought to be removed from the state court, unless the emergency appears so great that, in order to protect the petitioner's rights, the writ should issue at once. Which course should be pursued in a given case is, I think, a matter for the discretion of the court to which the application for certiorari is made.

In the present case the petitioner is not in confinement and is suffering no hardship from delay. I will therefore hear the issues of fact presented by the answer of the state authorities, for the purpose of determining in a preliminary way whether the petitioner probably has a good case for removal. If that question be determined in his favor, the writ will thereupon issue, and the trial will take place in this court; if otherwise, the petition will be denied although without prejudice to the right to bring another, and the case left in the state court for trial.