## Case No. 8,333.

### LEWIS v. SMYTHE.

[2 Woods, 117.] [1]

Circuit Court, D. Louisiana. Nov. Term, 1875.

REMOVAL OF CAUSES—REMOVAL FROM STATE TO FEDERAL COURT AFTER TRIAL.

1. The trial before which application must be made for removal of a case from the state to the federal court, in order to warrant such removal under section 3 of the act of March 3, 1875 (18 Stat. 470), is such a trial upon either the law or facts of the case, or both, as settles and concludes the controversy between the parties.

[Cited in Meyer v. Norton, 9 Fed. 438.]

2. When such a trial has been commenced, though not concluded, the application for removal comes too late.

[Cited in Alley v. Nott, 111 U. S. 476, 4 Sup. Ct. 497.]

In equity. The bill stated, in substance, that the defendant George A. Smythe, a citizen of Mississippi, brought an action against the complainant [Robert N.] Lewis, a citizen of Louisiana, in the fourth district court of the parish of Orleans, on the 28th of November, 1874, to recover the sum of $3,518. Lewis, desiring to remove the cause to this court, by virtue of the provisions of the act of congress, approved March 3, 1875 (18 Stat. 470, §§ 2, 3), on the 2d day of July, 1875, filed his petition and bond for that purpose in said fourth district court, as required by the statute. The court refused to permit the case to be removed or to grant an order of removal. Nevertheless, Lewis procured a copy of the record of the case so far as it had progressed, and on the first day of November, 1875, filed the same in this court. The fourth district court after this proceeded with the case and afterwards rendered judgment in favor of Smythe, against Lewis, for $3,800. On this judgment, Smythe, it is alleged, threatened and intended to issue execution, and the bill averred that the property of Lewis would be seized by virtue thereof, to his great and irreparable injury. The prayer of the bill was, that Smythe might be restrained from proceeding to enforce the judgment. The theory of complainant was, that after the filing of the petition and bond for removal, the case was thereby removed, and the fourth district court had no further jurisdiction of the case, and its judgment was a nullity. The case came on for hearing upon the motion for the allowance of an injunction as prayed in the bill. The defendant

1 [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

resisted the injunction, claiming that the case had never been removed to this court, but that the fourth district court remained in possession of the case till the rendition of the judgment. The ground of this claim was that the trial of the suit had commenced in the fourth district court before any attempt made to remove the case to this court. That this was the fact is shown by the record filed in this court, as appears by the following extracts therefrom: "May 21st. This case came on this day for trial. * * * When, after hearing the pleadings and evidence, the hour of adjournment having arrived, it is ordered that this case be continued to May 31st, at 10 o'clock a. m., for argument. May 31st. This case came on this day for argument, when by agreement of counsel it is ordered by the court that this case be continued indefinitely, to be fixed on motion." It was after this that the petition was filed for removal.

Samuel R. and C. L. Walker, for complainant.

G. A. Breaux and Charles E. Fenner, for defendant.

WOODS, Circuit Judge. The act of congress, prescribing how causes may be removed from the state to the federal courts (18 Stat. 470), declares: Sec. 3. That "whenever either party or any one or more of the plaintiffs or defendants, entitled to remove any suit mentioned in the next preceding section, shall desire to remove such suit from a state court to the circuit court of the United States, he or they may make and file a petition in such suit in such state court, before or at the term at which said cause could be first tried, and before the trial thereof for the removal of such suit into the circuit court." By the word "trial," as used in this statute, I do not understand the argument, investigation or decision of a question of law merely, unless it is decisive of the case, and the decision results in a final judgment or decree. The decision of the court on a demurrer, for instance, or on exceptions to the sufficiency of a plea, which is followed by amendments or new pleadings, and which does not end the case, is not the trial meant by the statute. Blackstone defines a trial to be "the examination of the matter of fact in issue in a cause." 4 Black. Comm. 322. See, also, 2 Hale, P. C. p. 216, c. 28. "A trial has been held to be the examination before a competent tribunal, according to the laws of the land, of the facts put in issue in a cause, for the purpose of determining such issue." U. S. v. Curtis [Case No. 14,905]. So in Steph. Pl. append. note 29, it is said: "The word 'trial' has long been used to express the investigation and decision of fact only." No argument or decision of questions merely preliminary, or questions of pleading, except such as settle and end the case (as where the facts are admitted and the case

turns upon the law as applied to the facts) is meant by the word "trial." It involves the facts of the case, and whenever the investigation of the facts of a case simply, or the facts in connection with the law is entered upon by the court alone, or by the court and jury, the trial may be said to have begun.

It seems to me too clear to admit of argument that the petition for removal must be filed before the trial commences. The filing of such a petition during the trial, while it is in progress, is not a filing before the trial. To hold otherwise, would be to allow a party to experiment with the court, by going into the trial, and if the rulings of the court were not favorable or the prospects for a propitious result good, to interrupt the proceedings by a transfer of the cause to another forum. Some cases occupy several weeks in their trial. It could hardly be in the contemplation of the act of congress to allow a party, after he has occupied the attention of the court or the court and jury for days, and it may be weeks, with the trial of a cause, to interrupt the proceedings by a transfer of the cause to another court. And yet this would be the effect of the construction claimed by counsel for complainants, namely, that the words "before the trial thereof" mean before the trial is completed and ended. In my judgment, the petition and bond for removal must be filed "before or at the term at which the cause could be first tried, and before the trial thereof" commences. As the petition and bond for the removal of this case were not filed until after the parties had entered upon the trial, and until after the pleadings had been read and the evidence submitted to the court, they were not filed in compliance with the statute, and they were not effectual to remove the case out of the state court, or to interfere with its jurisdiction to proceed therewith. The judgment of the state court is therefore valid until reversed in a direct proceeding. The motion for the injunction must be overruled. Whether, if the case had been properly removed, this court could grant the relief prayed by the bill, I will not now undertake to decide.