## ALLEY v. NOTT.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Submitted March 24th, 1884.—Decided April 21st, 1884.

*Jurisdiction—Pleading—Removal of Causes—Statutes.*

It is within the discretion of the court, after overruling a general demurrer to a declaration or complaint as not stating facts which constitute a cause of action, to enter final judgment on the demurrer ; and such judgment if entered may be pleaded in bar to any other suit for the same cause of action.

As a demurrer to a complaint because it does not state facts sufficient to constitute a cause of action raises an issue which involves the merits, a trial of the issue raised by it is a trial of the action within the meaning of § 3 of the act of March 3d, 1875, 18 Stat. 471, relating to the time within which causes may be removed from State courts. *Vannevar* v. *Bryant,* 21 Wall. 41 ; *Insurance Company* v. *Dunn,* 19 Wall. 214 ; *King* v. *Worthington,* 104 U. S. 44 ; *Hewitt* v. *Phelps,* 105 U. S. 393, distinguished from this case. *Miller* v. *Tobin,* 18 Fed. Rep. 609, overruled.

The only question argued and decided in this case was whether the cause was properly removed from the State court under the Removal Act after a general demurrer to the complaint for showing no cause of action had been heard and over-

ruled with leave to answer and answers had been filed. The facts appear more at length in the opinion of the court.

*Mr. Albert A. Abbott* for appellant, cited on the point that trial means the investigation of fact only : Stephen on Pleading, 77; Same, note 29, Appendix, citing Braxton, 105 *a* and Britton, c. 92; 3 Blackstone, 330; 2 Bouvier's Law Dict. 611, Trial; *Ward* v. *Davis*, 6 How. Prac. N. Y. 274; *Vannevar* v. *Bryant*, 21 Wall. 41; *Lewis* v. *Smythe*, 2 Woods, 117; Dillon on Removals, etc., 2d ed. 78; *Miller* v. *Tobin*, 18 Fed. Rep. 609; *Hewitt* v. *Phelps*, 105 U. S. 393; 94 Eq. Rule; *Hawes* v. *Oakland*, 104 U. S. 450.

*Mr. George F. Betts* and *Mr. Horatio F. Averill* for appellee.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is an appeal from an order of the Circuit Court remanding a case removed from a State court. The suit was begun on the 2d of March, 1883, in the Supreme Court of New York, by Eliphalet Nott, a citizen of New York, for himself and all others who should come in and be made parties to the action, and contribute to the expenses, against Las Neuve Minas de Santa Maria Gold and Silver Mining Company, a New York corporation, John B. Alley, a citizen of Massachusetts, and certain other persons, some of whom were citizens of Illinois, and others citizens of New York. Nott was the holder of three hundred shares of the stock of the mining company, and the several individual defendants were trustees and directors. The prayer of the complaint was, in substance, that the individual defendants might be adjudged to be trustees as to the amount in money represented by one million shares of the capital stock of the company, and collectively and severally decreed to account concerning the same, and that they might also be severally adjudged to account for the gains and profits received by each of them from the sale of the stock.

The summons required an answer to the complaint within twenty days after its service. Two of the defendants were

never served and they have never appeared. Four of the individual defendants, including Alley, appeared on the 29th of March, and filed separate demurrers to the complaint on the ground "that it did not state facts sufficient to constitute a cause of action." On the 9th of June, during a special term of the court begun on the first of that month, "the issues of law raised by the demurrers of the defendants . . . having been brought on for trial," and argued by counsel, it was "ordered that the said demurrers be overruled, and that the plaintiff have judgment thereon accordingly for costs, with leave to said defendants demurring, within twenty days to withdraw said demurrer and answer the complaint upon payment of costs;" and that if the defendants fail to withdraw their demurrers and answer within the time allowed, a final judgment be entered against them for the relief to which the plaintiff is entitled, the form of the judgment to be settled by the judge. On the 13th of June, all the defendants who had demurred gave notice of appeal to the general term of the court. On the 23d of June, the defendants gave notice that they would move on the first of July for a stay of execution on the interlocutory judgment until the appeal could be heard, and on the 29th of June the time for answering the complaint was extended until ten days after the determination of this motion. On the 13th of July another of the defendants appeared and filed a demurrer to the complaint. On the first of August the defendants who had appealed withdrew their appeals and also their respective demurrers, and paid the costs awarded to the plaintiff by the interlocutory decree, and the costs of the appeal. Separate answers were filed on the same day by each of the several individual defendants whose demurrers had been overruled, and on the next day, August 2d, Alley presented to the court a petition for the removal of the suit to the Circuit Court of the United States for the Southern District of New York. In this petition the citizenship of Nott, the company, and Alley are stated, and it is then averred "that the controversy in this suit or action, so far as it respects or is between the plaintiff individually, or as representing the said mining company and this petitioner, is wholly between citizens

of different States, and that the same can be fully determined and a final determination of the controversy in said action can be had, so far as concerns the plaintiff and this petitioner, without the presence of either of the other defendants or parties in said cause." It is then stated " that since the service of said answer there has been no term of the court at which this action could have been tried."

The suit was docketed in the Circuit Court at once, and on the 11th of October a motion was made to remand. This motion was granted on the 21st of December, and from an order to that effect the appeal was taken.

In our opinion, the petition for removal was not filed in time. The statute requires the filing to be " at or before the term at which said cause could be first tried, and before the trial thereof." By the New York Code of Civil Procedure, issues are of two kinds: 1, of law ; 2, of fact. Sec. 963. An issue of law arises only on a demurrer. Sec. 964. A demurrer to a complaint may be, among other things, because " the complaint does not state facts sufficient to constitute a cause of action." Sec. 488. Upon the decision of a demurrer, either at a general or special term, or in the Court of Appeals, the court may, in its discretion, allow the party in fault to plead anew or amend on such terms as may be just. Sec. 497. An issue of law in the Supreme Court must be tried at a term held by one judge. Sec. 976. At any time after the joinder of issue either party may serve a notice for trial. Sec. 977.

A demurrer to a complaint because it does not state facts sufficient to constitute a cause of action, is equivalent to a general demurrer to a declaration at common law, and raises an issue which, when tried, will finally dispose of the case as stated in the complaint, on its merits, unless leave to amend or plead over is granted. The trial of such an issue is the trial of the cause as a cause, and not the settlement of a mere matter of form in proceeding. There can be no other trial except at the discretion of the court, and if final judgment is entered on the demurrer, it will be a final determination of the rights of the parties which can be pleaded in bar to any other suit for the same cause of action. Under such circumstances, the trial

of an issue raised by a demurrer which involves the merits of the action is, in our opinion, a trial of the action within the meaning of the act of March 3d, 1875. To allow a removal after such a trial would be to permit " a party to experiment on his case, in the State court, and, if he met with unexpected difficulties, stop the proceedings, and take the suit to another tribunal." This, as was said in *Removal Cases*, 100 U. S. 473, could not have been the intention of Congress. In effect, when this case was heard on the demurrer, the issue made by the pleadings, and on which the rights of the parties depended, was submitted to the court for judicial determination. This issue the court decided, but, before entering final judgment, granted a new trial, with leave to amend pleadings. The situation of the case at this time, for the purposes of removal, was precisely the same as it would be if the trial, instead of being on an issue of law involving the merits, had been on an issue of fact to the jury, and the court had, in its discretion, allowed a new trial after verdict. We can hardly believe it would be claimed that a removal could be had in the last case, and, in our opinion, it cannot in the first.

The case of *Vannever* v. *Bryant*, 21 Wall. 41, 43, arose under the act of March 2d, 1867, c. 196, which allowed a removal at any time " before the final hearing or trial of the suit," and what is there said is to be construed in connection with that fact. The same is true of *Insurance Company* v. *Dunn*, 19 Wall. 214. In *King* v. *Worthington*, 104 U. S. 44, and *Hewitt* v. *Phelps*, 105 U. S. 393, 395, the questions were as to the time when a case could be removed that was begun before the act of 1875 was passed. In *Lewis* v. *Smythe*, 2 Woods, 117, the question here presented was not involved, and the removal was decided to be too late because it was not applied for until after a trial on the issues of fact had begun. In *Miller* v. *Tobin*, 18 Fed. Rep. 609, the experienced district judge for the District of Oregon did hold that a removal, applied for after hearing upon a demurrer to complaint because it did not state facts sufficient to constitute a cause of action, could be had; but, on full consideration, we are unable to reach that conclusion.

Without deciding whether Alley would have been entitled

to a removal if his petition had been filed in time, we affirm the order to remand on the ground taken by the circuit judge, that the application for removal was not made "before the trial" within the meaning of the term as used in the act of 1875.

*Affirmed.*