## WILSON *v.* ROCK ISLAND PAPER CO.

*(Circuit Court, N. D. Illinois.* June 11, 1884.)

**REMOVAL OF CAUSE—TRIAL—ISSUE RAISED BY DEMURRER.**

The trial in the state court of an issue raised by a demurrer, which involves the merits of the action, is a trial of the action within the meaning of the act of March 3, 1875, and the cause cannot thereafter be removed into the United States court.

Motion to Remand.

*G. W. Kretzinger,* for plaintiff.

*Charles M. Osborne,* for defendant.

DRUMMOND, J. The Rock Island Paper Company, being indebted, executed two deeds of trust on its real property to secure two notes. These deeds of trust contained certain covenants to keep the premises insured for the benefit of the creditor. The company afterwards effected insurance with various underwriters for the different amounts, and some of these policies were made for the benefit of particular creditors for specific amounts. The policies contained the usual apportionment clause in case the loss was less than the amount insured. Afterwards the mill and machinery, which were insured and upon the land covered by the deeds of trust, were destroyed by fire, so that the amount of loss was about 60 per cent. of the amount of the policies, and this amount was remitted by the various insurance companies to their agents. The instruments which directed the payments of these various amounts were in the hands of a party for the benefit of whom it might concern. The plaintiff in this case, being the creditor under these mortgages, caused the property to be sold. He bought it in for an amount much less than the debt, and then filed a bill, by which he claimed that under the covenants of the trust deeds he had a lien upon the entire insurance fund created by all the policies of insurance to the extent of the debt due to him; and he insists that these policies of insurance became a security for the payment of his indebtedness, and that he had an equitable lien. To this bill the paper company were made a party, and all the insurance companies, and the different creditors to whom the policies were made payable. The plaintiff is a citizen of Illinois, and the paper company is also a corporation of Illinois, and some of the creditors to whom these policies were assigned were also citizens of Illinois. In order to obtain the relief he sought, the plaintiff would be entitled to an account between himself and the paper company, and the creditors of the company, and all persons who claimed any interest in the policies. The summons in the case was returnable to the September term, 1883, of the Rock Island circuit court. At that time, certain of the defendants, some of the creditors for whose benefit the policies were made, filed a demurrer to the bill, and on September 28th the court sustained the demurrer, and the plaintiff, on the following day, took leave to

amend, and thereupon filed the amendment, and, at the same time, a petition and bond for the removal of the cause. The motion is now to remand the case to the state court, and the question is whether this court has jurisdiction of the case.

It may be doubted whether there is, within the meaning of the act of 1875, a separate and distinct controversy between the plaintiff and any one of the defendants, and which can be fully determined as between them. The bill makes the various defendants named parties for the purpose of enforcing a lien which the plaintiff claims he has upon the fund. It may be that every one of the defendants is interested as to his contributory portion for which he may be liable, but that controversy is one which may effect, more or less, all the other parties. But, however this may be, it seems clear that the application in this case was not made in proper time. There was a general demurrer filed by some of the defendants to the bill. Other defendants filed a special demurrer. Upon argument the court held that the demurrers were well taken, because there was no equity in the bill, and afterwards granted leave to the plaintiff to file amendments to the bill, and after that the plaintiff filed a petition for the removal of the cause. There had been some difference of opinion in the courts as to whether, under such circumstances, it was competent for a party to ask for the removal of the cause; but that question seems to have been decided by the supreme court of the United States in the case of *Alley* v. *Nott*, 111 U. S. 472; S. C. 4 Sup. Ct. Rep. 495. In that case the court says that an issue of law, such as was raised in this case, "is the trial of the cause as a cause, and not the settlement of a mere matter of form in proceeding. * * * Under such circumstances the trial of an issue raised by a demurrer, which involves the merits of the action, is, in our opinion, a trial of the action within the meaning of the act of March 3, 1875. To allow a removal after such a trial would be to permit a party to experiment on his case in the state court, and, if he met with unexpected difficulties, stop the proceedings and take the suit to another tribunal."

Now, in this case, the bill which the plaintiff had filed had become the subject of a general demurrer. On that issue of law the court decided the case against the plaintiff. He had thus tried an experiment with the court, and had found it against him on the merits of his case. The fact that he had asked and obtained leave to amend his bill, as the case of *Alley* v. *Nott* decides, did not change the rule upon the subject. So that, according to this decision of the supreme court, the application in this case was made too late, and therefore a motion to remand the cause will be granted.