## FIELD and others *v.* WILLIAMS.

(*Circuit Court, E. D. Wisconsin.* June, 1885.)

REMOVAL OF CAUSE—TIME OF APPLICATION—DECISION ON DEMURRER—REV. ST. § 639, SUBD. 3.

    A cause may be removed from a state court, under Rev. St. § 639, subd. 3, after a decision or ruling on demurrer. *Alley* v. *Nott*, 111 U. S. 472; S. C. 4 Sup. Ct. Rep. 495, distinguished.

Motion to Remand.

*Ellis, Greene & Merrill,* in support of motion.

*Webster & Brazeau, contra.*

DYER, J. This case was removed from the state court to this court at the instance of the plaintiffs, and is now before us on a motion to remand. The plaintiffs are citizens of other states than Wisconsin, and one of them is an alien. The defendant is a citizen of this state. The suit is upon a judgment recovered by the former against the latter, November 1, 1879, in the superior court of Cook county, Illinois. Issue was joined while the case was pending in the state court. The answer of the defendant contains (1) a general denial of indebtedness upon the judgment; (2) an affirmative defense that the judgment was obtained by fraud; and (3) a counter-claim for damages. The plaintiffs demurred to the second defense, on the ground that it did not state facts constituting a defense to the action, and to the counter-claim, on the grounds that it did not state facts constituting a cause of action against the plaintiffs, and that its subject-matter was not pleadable as a counter-claim. The demurrer, so far as it related to the second defense, was sustained by the state court, and as to the counter-claim, was overruled. Subsequently the case was removed to this court. The removal was made pursuant to the third subdivision of section 639, Rev. St., which provides that "when a suit is between a citizen of the state in which it is brought and a citizen of another state, it may be so removed on the petition of the latter, whether he be plaintiff or defendant, filed at any time before the trial or final hearing of the suit, if before or at the time of filing said petition he makes and files in said state court an affidavit, stating that he has reason to believe, and does believe, that from prejudice or local influence he will not be able to obtain justice in such state court."

The motion to remand was prompted by a suggestion of the court, when the case was called for trial, that there might be some doubt whether the case was removable, in view of the proceedings had in the state court, and is now urged on the ground that the application for removal was made too late. In *Alley* v. *Nott*, 111 U. S. 472, S. C. 4 Sup Ct. Rep. 495, it was decided by the supreme court that, as a demurrer to a complaint, on the ground that it does not state facts sufficient to constitute a cause of action, raises an issue which involves the merits, a trial of the issue raised by it is a trial of the ac-

tion, within the meaning of section 3 of the act of March 3, 1875, (18 St. 471,) relating to the time within which causes may be removed from state courts; and therefore that a cause in which such a demurrer had been heard and decided could not be thereafter removed under that section. The present contention is that this ruling applies to a similar removal made under the third subdivision of section 639, Rev. St. The language of section 3, act of 1875, is "that whenever either party, or any one or more of the plaintiffs or defendants entitled to remove any suit mentioned in the next preceding section, shall desire to remove such suit from a state court to the circuit court of the United States, he or they may make and file a petition in such suit in such state court before or at the term at which said case *could be first tried, and before the trial thereof.*" The language of subdivision 3, § 639, Rev. St., is that the suit may be removed on petition "filed at any time *before the trial or final hearing* thereof." The argument of counsel in support of the motion is that, as to the time when the suit may be removed, the language of the two acts is substantially identical, because in both the words "before trial" are used, and therefore that the decision of the court in *Alley* v. *Nott*, interpreting the word "trial," as used in the third section of the act of 1875, applies with equal force to a case arising under subdivision 3, § 639; and the point, when first suggested, seemed to the court not without merit.

In the original act of March 1, 1867, (14 St. at Large, 558,) the language used in fixing the period within which the removal might be made was "*at any time before the final hearing or trial of the suit;*" and in *Insurance Co.* v. *Dunn*, 19 Wall. 214, it was held that the word "final," as thus used, applied to the term "trial" as well as to the term "hearing;" accordingly, that although a removal was made under that act after a trial on the merits, a verdict, a motion for a new trial refused, and a judgment on the verdict, yet, it having been so made in the state, where, by statute, the party could still demand as of right a second trial, the removal was in time, because such first trial was not a "final trial," within the meaning of the act. And in *Stevenson* v. *Williams*, Id. 575, it was observed by Mr. Justice FIELD, commenting on the act of 1867, that it clearly meant that a removal might be made before final judgment in the court of original jurisdiction where the suit was brought. In *Vannever* v. *Bryant*, 21 Wall. 41, it was adjudged that a removal could not be made, under the act of 1867, after trial and verdict, and while a motion for a new trial was pending and undetermined, because, for aught that then appeared, the trial thus had might be the "final trial;" but impliedly holding that if a new trial should be granted, and a right to a second trial become thus perfected, a removal might then be made. See, also, *Railroad Co.* v. *McKinley*, 99 U. S. 147.

Such were the decisions interpreting the act of 1867 as it originally stood. But as that act, revised and condensed, appears in sub-

division 3, § 639, Rev. St., there is a transposition of words, so that its language is "before the trial or final hearing." And it is now contended that the qualifying adjective "final" does not apply to "trial," but only to "hearing," and that "trial" relates to the trial of suits at law, and "final hearing" to the hearing of suits in equity. Hence that a suit at law must be removed under that section before trial, and that in view of the language of the section, thus changed from that of the original act, the hearing and decision of a demurrer is as clearly a "trial" as it is under section 3 of the act of 1875.

This contention we cannot sustain. Under section 3 of the act of 1875 the suit must be removed not only before the trial thereof, but before or at the term at which it could be first tried. This is a requirement which does not appear in the act of 1867, nor in any of the former removal acts; and it has been construed to mean the first term at which the cause is in law triable,—the first term at which the cause would stand for trial, if the parties had taken the usual steps as to pleadings and other preparations. *Babbitt* v. *Clark,* 103 U. S. 606; *Pullman Palace Car Co.* v. *Speck,* 113 U. S. 87; S. C. 5 Sup. Ct. Rep. 374; *Gregory* v. *Hartley,* Id. 742; S. C. 5 Sup. Ct. Rep. 743. Herein the act of 1875 is materially different from any statute which preceded it authorizing removals from the state to the federal court; and this is an important consideration—undoubtedly influencing, to a considerable extent, the decision in *Alley* v. *Nott*—in determining at what stage in the progress of a cause it may be removed under the act of 1867. It does not follow, therefore, as a necessary sequence from the use of some words in both acts that are identical, that the two acts must have the same construction, it appearing that, in material parts, they are dissimilar.

Subdivision 3 of section 639, Rev. St., was not repealed by the act of 1875. This was expressly adjudged by the supreme court in *Hess* v. *Reynolds,* 113 U. S. 80, S. C. 5 Sup. Ct. Rep. 377, where it is said that "this clause of section 639 remains and is complete in itself, furnishing its own peculiar cause of removal, and prescribing for causes appropriate to it the time within which it must be done." In determining what is meant by the words "trial or final hearing," as used in this subdivision, the special cause of removal therein prescribed, and not found in the act of 1875, is to be considered. The prejudice, or hostile local influence, might not exist, nor have been discovered, at the beginning of the suit, nor at the time of hearing a demurrer, nor indeed before a trial on the merits which was not final. Therefore, as Mr. Justice MILLER says, in the opinion in *Hess* v. *Reynolds, supra,* "congress intended to provide against this local hostility whenever it existed up to the time of trial;" which, according to the general sense and evident intent of the act, means final trial. The case just referred to was one in which there had been a trial before commissioners appointed by a probate court to pass upon claims against an estate, and after such trial and an appeal to the circuit

court of the state, but before a trial by jury in the latter court, the proceeding was removed to the federal court, and the case was held removable at that stage. Speaking of subdivision 3 of section 639, it is said in the opinion that a trial by jury is "the trial or final hearing of the suit, which would conclude the right of removal, and until such trial commenced the right of removal under this provision remained." Thus it would seem that the supreme court now place the same interpretation upon the act of 1867 in its present form as was placed upon it when *Insurance Co.* v. *Dunn* was decided, and when its language was "the final hearing or trial." See, also, *Ayers* v. *Watson*, 5 Sup. Ct. Rep. 642.

We are therefore of opinion that this case is distinguishable from *Alley* v. *Nott*, and that the motion to remand should be overruled.

HARLAN, Justice, who presided in the hearing of this case, concurs in this opinion.