## BANK OF MAYSVILLE *v.* CLAYPOOL.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF WEST VIRGINIA.

Submitted January 20, 1887. — Decided January 31, 1887.

An application for the removal of a case from a state court, filed not only after the trial had begun, but when it had progressed far enough to get a verdict of the jury subject only to the decision of the court on questions presented by a demurrer to the evidence, is clearly too late.

THE case is stated in the opinion of the court.

*Mr. B. H. Smith* for plaintiff in error.

*Mr. J. Holdsworth Gordon* for defendants in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is a writ of error for the review of an order of a District Court, having Circuit Court jurisdiction, remanding a cause which had been removed from a state court under § 2 of the act of March 3, 1875, c. 137, 18 Stat. 470, on the ground of citizenship. The record shows a suit begun by the Bank of Maysville in the Circuit Court of Kenawha County, West Virginia, September 24, 1877, against Claypool, as maker, and Thayer, as indorser, of a promissory note. After a demurrer, which was overruled, a plea was filed November 26, on which the parties went to trial the same day before a jury. After the evidence on the part of the plaintiff was all in, the defendant Thayer prayed judgment because on the facts proven no case had been made out against him. The jury, under instruc-

tions from the court, found the amount due on the note, "subject to the judgment of the court on the demurrer to the evidence," and were discharged. Afterwards, on the 10th of January, 1878, the bank moved for leave to amend its declaration so as to show that it was a corporation created by the laws of the State of Kentucky, "and existing in said state of Kentucky." This motion was denied, and the bank then moved for leave "to withdraw its joinder to the defendants' demurrer to the plaintiff's evidence," and that the verdict be set aside and a new trial granted. While these motions were pending undisposed of, the bank filed its petition for the removal of the suit to the District Court of the United States sitting at Charleston, on the ground that the plaintiff was a Kentucky corporation and the defendants were citizens of West Virginia. Objection was made by the defendants, on the 4th of November, 1879, to the entry of the case in the District Court, but this objection was overruled, and the cause docketed by order of the court November 17, 1880. Thereupon the demurrer to the evidence was argued and submitted to the court.

On the 6th of December, 1880, there was filed in this court a petition by the defendant Thayer, sworn to September 13, 1880, for a rule on the district judge to show cause why a mandamus should not issue requiring him to remand the suit. In this petition it did not appear that the court had taken any action in the matter, and it was denied because no application had been made for an order to remand. In the opinion it was said: "We cannot doubt that if such an application is made it will be promptly granted if the facts are as they are stated here. The petition for removal was not filed in the state court until after both trial and verdict, when the law requires it should be filed before or at the term at which the cause could be first tried, and before the trial thereof." Afterwards, May 7, 1883, a motion to remand was made by Thayer and at once granted by the court. To review that order this writ of error was brought.

In the *Removal Cases*, 100 U. S. 457, which were decided December 15, 1879, it was held that a petition for removal

under the act of 1875 to be in time must be " presented to the
court before the trial is in good faith entered upon," and we
there said, p. 473 : " There may be exceptions to this rule ; but
we think it clear that Congress did not intend, by the expres-
sion ' before trial,' to allow a party to experiment on his case
in the state court, and, if he met with unexpected difficulties,
stop the proceedings and take his suit to another tribunal.
But, to bar the right of removal, it must appear that the trial
had actually begun and was in progress in the orderly course
of proceeding when the application was made.　No mere at-
tempt of one party to put himself on record as having begun
the trial is enough.　The case must be actually on trial by the
court, all the parties acting in good faith, before the right of
removal is gone."　This rule was recognized and followed in
*Jifkins* v. *Sweetzer*, 102 U. S. 177, 179, and *Alley* v. *Nott*, 111
U. S. 472, and must now be considered as settled.　Clearly,
therefore, this application for removal came too late.　When
it was filed, the trial had not only begun, but it had progressed
far enough to get a verdict of a jury, subject only to the decis-
ion of the court on the questions presented by the demurrer to
the evidence.

In this connection it is proper to say that the ruling in the
*Removal Cases* was not probably known to the district judge
when his order to docket the cause was made, because the vol-
ume of our reports in which those cases are found was not
published and generally distributed until a very considerable
time after our adjournment for the term in May, 1880.　The
court did not actually proceed in the case after it was dock-
eted, further than to take it on the submission of the demurrer
to the evidence made at that time, and the order to remand
was granted as soon as a motion to that effect was made by
the bank.

*The order remanding the case is affirmed.*