## PAINTER v. NEW RIVER MINERAL CO.

(Circuit Court, W. D. Virginia. December 14, 1899.)

1. PLEADING—AMENDMENT OF DECLARATION—CHANGING CAUSE OF ACTION.

Where the original declaration in an action of trespass sought to recover damages for injury to plaintiff's realty and its use and occupation by reason of the deposit thereon of refuse and washings from defendant's ore washers, an amended declaration, which counts on the same injuries, merely stating the facts in more amplified form, is one a recovery upon which would have been barred by a recovery on the original declaration, which would be supported by the same evidence, is governed by the same rules as to damages and subject to the same plea, and hence does not state a new cause of action.

2. REMOVAL OF CAUSES—TIME OF APPLICATION—EFFECT OF AMENDMENT OF DECLARATION.

Where the time for filing a petition for the removal of a cause has expired, the cause is not rendered removable by the filing of an amended declaration, which does not state a new cause of action.

On Motion to Remand to State Court.

J. C. Wysor and Waller S. Poage, for plaintiff.

Walker & Caldwell and J. C. Blair, for defendant.

PAUL, District Judge. A motion is made to remand this case to the circuit court of Wythe county, from which it was removed into this court. The record, as it stands on the docket of this court, commences with a summons issued by the clerk of the circuit court of Wythe county on the 18th day of June, 1898, requiring the defendant to appear on the next rule day, July 3, 1898, to answer an amended declaration filed by W. M. Painter. The original declaration in this case was filed in the state court at June rules, 1893. The case was then removed by the defendant into this court, where it continued on the docket until the May term, 1898, when, on motion of the plaintiff, it was remanded to the state court. The grounds of the motion to remand were that no transcript of the record from the state court had been filed in this court, as required by act of congress of March 3, 1887 (24 Stat. 554), and that no petition had been filed in the state court, as required by the statute. The original papers in the case had been taken from the clerk's office of the state court, and delivered to the clerk of this court. After the case had been remanded, and the plaintiff, Painter, had filed an amended declaration in the case in that court, the defendant appeared at the rules to which the summons on the amended declaration was returnable, and filed its petition and bond for the removal of the case into this court, and the same was removed. The transcript of the record from the state court includes only the proceedings on the amended declaration, and omits all of the record in the case beginning with the original writ and declaration. The plaintiff moves to remand the case on the grounds that the record is incomplete; that, the case having been once remanded because of the failure of the defendant to comply with the requirements of the statute, the defendant cannot remove the case again into this court on the amended declaration; that it is one and the same case, and that the original and amended declarations are parts of the same rec-

ord; that no removal can be had on an amended declaration five years after the original declaration was filed. The defendant claims that the amended declaration makes a new cause of action, and that it had a right to appear, and have the case removed into this court, in the same way, and within the same time, as in the case made by the original declaration. Whether the case made by the amended declaration constitutes a new cause of action can best be ascertained by comparing the original and amended declarations. The defendant, in pursuance of an order of this court, has filed for its inspection a copy of the record as made in the state court on the original declaration.

The original declaration is as follows:

"Virginia, Wythe County, to wit: In the Circuit Court of said County. Wm. M. Painter, the plaintiff, complains of the New River Mineral Company, defendant, of a plea of trespass on the case, for this, to wit: That heretofore, to wit, on the ———— day of April, 1892, and within twelve months before the bringing of this suit, and at the time of the committing of the grievances hereinafter mentioned, and up to the time of the issuance of the writ in this case, was lawfully possessed in fee of a certain tract of land at Ivanhoe, in Wythe county, Va., upon which was and is situated a certain valuable spring (and also a certain other valuable spring near by), situated on the lands of the West Ivanhoe Land and Improvement Company, plaintiff having purchased the same from said company, the said two springs being used by plaintiff for domestic purposes; and also a certain storehouse building at Ivanhoe, in said county; and also of certain lands upon which dwellings and other buildings have been erected and are now situated, and through which a certain stream or branch flows. And the said plaintiff avers that he, being so possessed of right, ought to have had and enjoyed, and still of right ought to have and enjoy, the benefit, use, and advantage of the waters of the said springs for the purpose aforesaid, free from injury, pollution, overflow, or diversion, and enjoy the benefit, use, and advantage of the said storehouse building, and enjoy the benefit, use, and advantage of the said lands upon which the said dwellings were and are now situated, and through which the said stream or branch flows, all free from injury, hurt, pollution, diversion, or damage, save and except at such times and on such occasions when it might be reasonable and necessary for the defendant company to use such quantities of the waters of the said branch as might be necessary for its legitimate and proper purpose and uses; yet the defendant company, intending to injure the plaintiff, established and erected at and near the plaintiff's two springs, storehouse building, and lands, and the stream aforesaid, large ore washers, to be used for the purpose of washing and cleansing iron and other ores, and separating the same from the dirt, mud, and refuse matter; and the said defendant company, having so established and erected the said ore washers, unlawfully and wrongfully pumped and conveyed from New river, which is near by, large quantities of water, by means of engines, ditches, and flumes, to said washers, and unlawfully and wrongfully diverted and turned and conveyed large quantities of the waters of a certain stream or branch from its ordinary and natural bed, and carried and conveyed the same to the ore washers aforesaid. And plaintiff avers, that said defendant company, having pumped and conveyed the water from the river aforesaid, and having diverted the stream as aforesaid, then and there, at the said ore washers, used the said large quantities of water at the said place for the purpose of washing daily very large quantities of water, mud, ore, and matter. And plaintiff avers that said defendant company, having used the water at said place for the purpose aforesaid, so carelessly, negligently, and in such an improper manner carried and conducted and conveyed the polluted water filled with mud, dirt, sediment, and refuse matter from the ore washers aforesaid to said New river that large quantities of the dirt, mud, sediment, and refuse matter were thrown out upon and on the lands of plaintiff, and the two springs aforesaid were daily overflowed and polluted in the manner aforesaid, and large quantities of mud, sediment, dirt,

and refuse matter were thrown into and deposited near and around the same, so as to render the waters thereof wholly unfit for the use of plaintiff and family, or for any domestic use; and plaintiff was and is wholly dependent on the use of said water or springs, and the health of the members of plaintiff's family was and is greatly endangered, injured, and impaired by the overflow and pollution and deposits aforesaid. And plaintiff avers that large quantities of the dirt, mud, sediment, and refuse matter from the ore washers aforesaid have been, by the water aforesaid, cast up and deposited under the storehouse building aforesaid to such an extent that in cold weather the same, by freezing, raised the floor of said building, and warped the sides thereof, and injured the pillars of same, and damaged the same. And plaintiff avers that large quantities of the dirt, mud, sediment, and refuse matter from the ore washers aforesaid have been, by the water aforesaid, cast up and deposited on the lands of plaintiff, where the other buildings aforesaid are located, to the great damage and injury of the same. And plaintiff further avers that, as a consequence of the pollution and injury and damage and destruction of the springs aforesaid, a large reservoir at plaintiff's house, to which the water was pumped from the springs aforesaid, was totally destroyed, so as to be rendered valueless to plaintiff. And plaintiff alleges that by reason of the matters and things in this declaration set out he has sustained injury and damage to the amount of $5,000, and therefore he sues."

The following is the amended declaration:

"Virginia, Wythe County, to wit: In the Circuit Court of said County. Wm. M. Painter, plaintiff, complains of the New River Mineral Company, defendant, a duly-incorporated company, in this amended declaration of a plea of trespass on the case, for this; to wit: That heretofore, to wit, on the ——— day of April, 1892, and within twelve months' time from the bringing of this suit as set forth in the original declaration in this case, and at the time of the committing of the grievances hereinafter mentioned, and up to the time of the issuance of the writ in this case, was lawfully possessed in fee of a certain close, and was the owner thereof, situated in the town of Ivanhoe, Wythe county, Va., and upon which was and is situated a certain dwelling house, and in which dwelling house plaintiff and his family at the time hereinafter mentioned dwelt and inhabited, and still do inhabit and dwell in, and upon which there is situate a certain storehouse in which plaintiff at the time mentioned in this declaration carried on the business of merchandising, and in which he still carries on said business, and upon which there are also situate three tenement houses which plaintiff at the time of the grievances hereinafter mentioned kept for rent, and also a certain valuable spring, from which plaintiff and his family obtained water for household and domestic purposes. Nevertheless the said company, contriving and wrongfully and unjustly intending to injure, prejudice, and aggrieve the said plaintiff and his family in the possession, use, and enjoyment and occupation of his said storehouse and stock of goods therein, and in the use and enjoyment of the said waters of said spring for the purpose aforesaid, and in the use and occupation of his said tenement houses, and to render the same unfit for habitation, and whilst the said plaintiff was so possessed thereof, and so resided with his family aforesaid, the said defendant company, to wit, on the ——— day of April, 1892, and divers other days and times between that day and the day of the institution of this suit, wrongfully and unjustly, and without the right or authority to do so, deposited at its ore washers and machinery for conducting its operations near plaintiff's said premises and buildings on the water of a certain stream known as the 'Nuckolls Spring Branch' vast quantities of earth, dirt, mud, gravel, iron ore, and other waste material, and refuse matter from the washers aforesaid, which being carried by the waters of said branch and the water conveyed by said company from a certain branch known as the 'Powder Mill Branch,' and also from New river, to the plaintiff's close, and through which the waters of said Nuckolls Spring Branch flow, was, by the waters of said branch and the water pumped to said ore washer from the branch and said New river, cast in large quantities upon and about the premises, and lands, and close, and storehouse, and tenement houses, and spring of plaintiff, and continued therein and thereon during all the time aforesaid, whereby the wa-

ters of said spring became polluted, and impure, and unfit for household and domestic uses and purposes, and the plaintiff and his family vexed, annoyed, and discommoded in the use and enjoyment of plaintiff's dwelling house; and also the said plaintiff's storehouse became thereby damaged by the deposit under the storehouse building aforesaid and around the same, in large quantities, of dirt, earth, mud, sediment, and refuse matter from the ore washers aforesaid, so that in cold weather the same, by freezing, raised the floor of said building, and warped and twisted the sides thereof, and injured the pillars of the same, and damaged the same, and he was thereby prevented and hindered from carrying on his trade and business as a merchant in as profitable and beneficial a manner as, before the committing of said grievances by the said defendant company, he had been used and accustomed to do. And so the plaintiff says that by the acts and conduct of the said defendant company in committing the grievances in this count set forth, he hath sustained loss and damage to a large amount, to wit, in the sum of $5,000. Second count: And for this also: That the said plaintiff, before and at the time of committing the grievances hereinafter mentioned, and from thence hitherto, hath been, and still is, the owner in fee of a certain close and of certain lands in and near the town of Ivanhoe, in Wythe county, Va., upon which are located two certain valuable springs from which plaintiff and his family obtain water for household and domestic purposes and uses, the water from said two springs being forced and pumped to the dwelling house of said plaintiff by means of rams and pipes. Nevertheless the said defendant company contriving and wrongfully and unjustly intending to injure, prejudice, damage, and aggrieve the said plaintiff and his family in the possession, use, and enjoyment of said two springs, and in the use and enjoyment of the water of said two springs for the purpose aforesaid, whilst the said plaintiff was so possessed thereof, and whilst the said water was forced and pumped to the house of said plaintiff as aforesaid, and whilst the said plaintiff resided with his family in his said dwelling house located on said land, said plaintiff, to wit, on the ———— day of April, 1892, and at the time of the filing of the original declaration in this case, and up to the time of the bringing of this suit set out in said original declaration, wrongfully and unjustly, and without any right to do so, deposited at its ore washers and machinery, for conducting its mining and washing operations, near plaintiff's said premises, and close, and springs on the waters of a certain stream known as 'Nuckolls Spring Branch,' vast quantities of earth, dirt, mud, gravel, iron ore, waste material, and refuse matter from the washers aforesaid, being carried by the water of said branch and the water conveyed by said company from a certain branch known as the 'Powder Mill Branch' and from New river to the plaintiff's close, and through which the water of the said Nuckolls Spring Branch flows, was by the waters of said branch, and by the waters of the Powder Mill Branch, and by the waters pumped and conveyed from said New river by the defendant company, cast in large quantities in, about, and upon the lands, premises, and close of the plaintiff, and thereby the waters of his said two springs became polluted, impure, and unfit for household and domestic use, and the reservoir wherein the said waters were pumped and conveyed became wholly ruined and destroyed, and plaintiff's said two springs, located as aforesaid, were filled up and destroyed by the mud, gravel, waste material, and refuse matter aforesaid, and the said water pipes were also covered up and filled up with mud, earth, dirt, gravel, waste material, and refuse matter, so as to become wholly worthless. And so the plaintiff avers that by reason of the destruction of the said two springs by the defendant company, as set out in this declaration, in the manner and form aforesaid, and by its acts and conduct in this behalf in committing the grievances aforesaid, he hath sustained loss and damages to a large amount, to wit, the sum of $5,000, and therefore he sues."

From an inspection of the original and amended declarations it is seen that the parties are the same; that both declarations are in trespass, and the damages alleged the same; that the recitals as to the plaintiff's premises, the buildings and the springs thereon, the statement of the alleged injury, and the means by which the same was

caused, are substantially the same in both declarations. In both it is alleged that the injury complained of was caused by deposits on the plaintiff's premises, from the defendant's ore washers, of dirt, gravel, and other waste material and refuse matter. In the original declaration it is alleged that the injury was done by the defendant conveying large quantities of water from New river to its ore washers, and by diverting a certain stream from its natural bed, and conveying the waters thereof to its ore washers. In the amended declaration it is alleged that the water was conveyed to the ore washers from Powder Mill Branch and New river to Nuckolls Spring Branch, which flowed through the plaintiff's premises, and by which dirt, gravel, iron ore, and other waste material were carried on the plaintiff's premises, to his injury. The full extent to which the amended declaration goes is to vary the manner of stating the cause of action. It does not introduce a new cause of action, and thereby make a new case. It simply amends the pleading of the original declaration, and in considering the question of removal to this court it must be regarded as part of the original declaration, and subject to the same limitations as to the time within which, under the statute of 1887, action must be taken to secure a removal from the state to the federal court. The doctrine as to what constitutes a new cause of action is thus stated in 1 Enc. Pl. & Prac. 556, 557:

"It has been declared to be a fair test in determining whether a new cause of action is alleged in an amended declaration to inquire if a recovery had upon the original complaint would be a bar to any recovery under the amended complaint, or if the same evidence would support both, or if the same measure of damages is applicable, or if both are subject to the same plea; and in some cases the intention of the plaintiff when he instituted the suit may have a distinct potency in deciding whether an amendment constitutes an unwarranted departure."

Applying this test to the amended declaration, it is clear that a recovery on the amended declaration would bar a recovery on the original declaration; the same evidence showing that injury had resulted to the plaintiff by overflowing his property with water and waste material from the defendant's ore washers. The same measure of damages is applicable under both declarations; that is, compensation to the plaintiff for injury done him by the wrongful acts of the defendant. Both declarations are subject to the same plea, which is the general issue of not guilty. The intention of the plaintiff was manifestly the same when he instituted the suit as when he filed the amended declaration. That was to recover damages for injury done him by the overflow of his premises, and the deposit of damaging materials thereon, from the ore washers of the defendant company. The merits of the cause of action stated in the original complaint are preserved in the amended declaration, but are set forth in a more amplified statement. The causes of action are of the same nature, and the same judgment could be given in each. 4 Minor, Inst. pt. 1, 365; Id. pt. 2, 946; Chamberlain v. Mensing (C. C.) 51 Fed. 511. The petition for removal of the original action not having been filed within the time prescribed within the statute. and the amended declaration not making a new cause of action, the case must be remanded to the state court.