BEST FOODS, Inc., v. MITSUBISHI SHOJI KAISHA, Limited, et al.

District Court, S. D. New York.

Sept. 21, 1928.

Rounds, Dillingham, Mead & Neagle, of New York City (George M. Wolfson, of New York City, of counsel), for plaintiff.

White & Case, of New York City (Chester Bordeau, of New York City, of counsel), for defendant Great Northern Ry. Co.

Howard C. Kelly, of New York City, for defendant Mitsubishi Shoji Kaisha.

Charles Franklin and C. L. Minor, both of New York City, for defendant Southern Pac. Co.

THACHER, District Judge.

In granting the original motion to remand, Judge Goddard held that the original complaint alleged a single cause of action based upon allegations that the loss sustained was due to the fault of one of the defendants or to one or more of them acting in concert, or was due to their concurrent negligence. There being no separable controversy, he granted the motion to remand because the defendant Mitsubishi Shoji Kaisha had not joined in the petition for removal. 39 F. (2d) 619. Thereafter all of the defendants

answered in the state court. Later the defendant Mitsubishi Shoji Kaisha moved for judgment on the pleadings. This motion was denied, but, upon appeal to the Appellate Division, the complaint was dismissed with leave to amend. 224 App. Div. 24, 229 N. Y. S. 364. Thereafter the complaint was amended so as to charge Mitsubishi Shoji Kaisha with negligence in failing to make proper inspection of the car in which the oil was shipped. Before the defendants' time to answer the amended complaint had expired, a second petition for removal was filed, in which all the defendants joined, and motion is now made to again remand the case to the state court.

Accepting Judge Goddard's decision as the law of the case, it is entirely clear that the amendment did not change the nature of the controversy disclosed in the original complaint. If all of the defendants had joined in the original petition, the right to remove would have been unquestioned. The amendment therefore did not disclose for the first time that the cause was removable. The cause of action which the plaintiff attempted to allege in its original complaint is the same as that alleged in the amended complaint, although the ground of recovery has perhaps been slightly altered. See Baltimore S. S. Co. v. Phillips, 274 U. S. 316, 47 S. Ct. 600, 71 L. Ed. 1069. Under these circumstances, the defendants having answered the complaint, the right to remove is not revived by the amendment made pursuant to leave of court after decision upon motion to dismiss. Under the Act of March 3, 1875 (chapter 137, 18 Stat. 470), it was held that there could be no removal of a cause after demurrer to the complaint because of failure to state facts sufficient to constitute a cause of action, since such practice would permit "a party to experiment on his case in the state court, and, if he met with unexpected difficulties, stop the proceedings, and take the suit to another tribunal." Alley v. Nott, 111 U. S. 472, 4 S. Ct. 495, 496, 28 L. Ed. 491; Scharff v. Levy, 112 U. S. 711, 5 S. Ct. 360, 28 L. Ed. 825. There is nothing in section 29 of the Judicial Code (28 USCA § 72) which can be said to permit such practice. Under that section, the petition must be filed before the defendant is required by the laws of the state, or the rules of the state court in which the suit is brought, to answer or plead to the declaration or complaint of the plaintiff.

I am therefore constrained to grant the motion to remand, and must decline to consider the motion to dismiss.