FRANCES PANICA, as Administratrix of the Estate of LOUIS PANICA, Deceased, Plaintiff, *v.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY et al., Defendants.

Supreme Court, Special Term, New York County, February 6, 1945.

* See, also, *Cohen* v. *Reckseit,* 184 Misc. 107.  Cf. *Matter of Lubin* (*Riker*), 182 Misc. 835.— [REP.

*Edward R. Brumley* for defendants.

*Leo A. Sparer* for plaintiff.

NULL, J. The defendants, alleging that the controversy in this action is wholly between citizens of different States, have petitioned for an order to remove the suit to the District Court of the United States for the Southern District of New York. The action was commenced on or about October 20, 1942, to recover damages alleged to have been sustained as a result of an accident in which plaintiff's intestate suffered injuries from which he died. The petitioner The New York, New Haven and Hartford Railroad Company then the sole party named as defendant, served its answer to the complaint on or about January 8, 1943. A note of issue subsequently was filed for the December, 1943, Trial Term of this court.

Notwithstanding the fact that the United States District Court under the statutes is authorized, upon the motion of either party, or upon its own motion, to remand the cause to the State court, if it has been improperly removed thereto (Judicial Code, §§ 28, 37; U. S. Code, tit. 28, §§ 71, 80), nevertheless the State court has the right and is under a duty to decide for itself, as a question of law, whether the record presents a removable case. If, upon the petition and the record, the cause does not appear to be removable, the State court is not required to and should not surrender jurisdiction. (*Stone* v. *South Carolina,* 117 U. S. 430; *Lee* v. *Continental Ins. Co.,* 292 F. 408.)

Whether the petition for removal was filed in time is a question of law, to be determined by the State court. It is not made a question of fact by the allegation in the petition that the time for removal had not expired. (*Southwest Power Company* v. *Price,* 180 Ark. 567, certiorari denied 281 U. S. 753, appeal dismissed, 281 U. S. 703.)

The defendant The New York, New Haven and Hartford Railroad Company at the time this suit was instituted as now, was a foreign corporation and in law a citizen of Connecticut, and the plaintiff was a citizen of New York. Accordingly, the defendant had it deemed it desirable, could have applied for the removal of the action to the District Court of the United States, before the expiration of the time to answer the complaint, pursuant to sections 28 and 29 of the Judicial Code (U. S. Code, tit. 28, §§ 71, 72). By its failure to do so, the defendant waived removal and the action will proceed in this court unless the

contentions urged upon this application are upheld. (*Kansas City Railroad* v. *Daughtry,* 138 U. S. 298, 303; *American Fountain Supply and Products* v. *California C. F. Corp.,* 21 F. 2d 93.)

On or about December 7, 1944, at plaintiff's instance, an order was made adding the above-named trustees of The New York, New Haven and Hartford Railroad Company as parties defendant. Two of the trustees are citizens of Connecticut and one is a citizen of Massachusetts. An amended complaint was served upon all the defendants on or about December 14, 1944. The time of the defendants to plead to the amended complaint had not expired at the time of the presentation of this petition for removal of the action to the appropriate District Court of the United States.

It is urged that as to the defendant The New York, New Haven and Hartford Railroad the legal consequence of the service of the amended complaint was to restore the action to its original status, effective as of the service of the first complaint, and that, hence, the right to apply for removal had been reinstated.

Undoubtedly this contention could not be ignored were the amended complaint at such variance with the original complaint that it could fairly be held to present a new or different cause of action. (*Painter* v. *New River Mineral Co.,* 98 F. 544.) The amended complaint, however, differs in no respect from the original complaint. The cause of action is identical and no more was added than was necessary to include the trustee-defendants within the framework of the cause of action originally stated. Under the circumstances, the right, heretofore waived, of the defendant The New York, New Haven and Hartford Railroad Company to petition for removal is not revived by the interposition of the amended complaint. (*Painter* v. *New River Mineral Co., supra; Best Foods* v. *Mitsubishi Shoji Kaisha,* 39 F. 2d 620.)

The trustee defendants, nevertheless, maintain that as to them the action is novel; that they could not and did not waive the right to apply for removal, and that their present petition for that right is timely. This contention is invalid. The defendant trustees are not new parties. They are sued, not in their personal capacities, but as fiduciaries of the defendant The New York, New Haven and Hartford Railroad Company. As such they bear the same relation to the action as does the original defendant for whom it is alleged they are acting as trustees. (*Houston & Texas Cent. R. Co.* v. *Shirley,* 111 U. S. 358, 360;

*Van der Stegen* v. *Neuss, Hesslein & Co.,* 243 App. Div. 122, affd. 270 N. Y. 55.)

The amended complaint, being upon the same cause as the original complaint, the time to apply for removal was not extended by the addition of the trustees as parties defendant. (*Houston & Texas Cent. R. Co.* v. *Shirley, supra; Edrington* v. *Jefferson,* 111 U. S. 770; *Best Foods* v. *Mitsubishi Shoji Kaisha, supra.*)

Accordingly, the petition is dismissed.