**Winifred G. GERETY, Plaintiff,**

v.

**INLAND NEWSPAPER REPRESENTA-TIVES, Inc., Defendant.**

United States District Court
S. D. New York.

June 13, 1957.

Samuel Mann, New York City, for plaintiff.

Gerald J. McMahon and C. Gordon Lamude, New York City, Gerald J. McMahon, New York City, of counsel, for defendant.

LEVET, District Judge.

Plaintiff moves for an order pursuant to 28 U.S.C.A. § 1447(c) remanding the above-entitled action to the New York County Supreme Court from which it was removed.

The action was originally commenced by the plaintiff, a New York resident and assignee of an Illinois corporation, in the City Court for the City of New York in October, 1955, to recover from the defendant, an Illinois corporation, one-half of certain commissions which the defendant was alleged to have contracted to pay to plaintiff's assignor. The defendant moved to dismiss the complaint upon the ground that the court had no jurisdiction over its person. This motion was denied and the defendant was directed to answer on the merits, which it did in April, 1956. In its answer the defendant pleaded a set-off in the sum of $85,000 as damages for plaintiff's alleged breach of contract.

In May of the same year plaintiff transferred the action from the City Court of the City of New York to the Supreme Court of the State of New York, County of New York, and filed an amended and supplemental complaint based upon the same cause of action for breach of contract, increasing its claim to damages from $5,000 to $12,500. Thereafter, the defendant served its answer to the amended and supplemental complaint, containing the affirmative defense of set-off in the sum of $85,000. In July, 1956, plaintiff sucessfully moved to strike certain paragraphs of the answer. The defendant then served an amended

answer, wherein the sum of $61,767.03 was claimed as a set-off.

In May, 1957, pursuant to a court order, plaintiff served a second amended complaint in which it is alleged that the defendant was not the corporation which had signed the contract in question, but that it was incorporated after the execution of the contract. Plaintiff further alleges in the second amended complaint that the original corporation which was a party to the contract had been dissolved and that this defendant acquired no interest under the contract and that it wrongfully collected and retained commissions to which it was not entitled. The second amended complaint then asserts a cause of action for unjust enrichment and another in equity to compel the defendant to account for the commissions which it allegedly received and to reconvey to plaintiff certain representative contracts.

Within twenty days after the defendant's receipt of the second amended complaint, it petitioned to have the case removed to this court on the ground that it is a civil action between citizens of different states and wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs. Plaintiff contends that the petition to remove was not timely in that it should have been filed within 20 days after the defendant's receipt of the original complaint in the New York City Court action and that its failure to do so constituted a waiver of its right of removal.

The statutory period within which the right of removal exists is set out in 28 U.S.C.A. § 1446(b), which provides as follows:

"(b) The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Manifestly, had plaintiff not amended her complaint in May of 1957, the defendant's petition for removal would not have been in compliance with the 20-day period within which removal proceedings are required to be commenced. However, plaintiff's second amended complaint asserts two new causes of action. The cause of action in the original complaint was for breach of contract. The second amended complaint as it now stands asserts two causes of action, neither of which is an action on the contract. Moreover, it is now alleged that the defendant was not even a party to the original contract. Consequently, the amended pleading is substantially a new complaint. Although the defendant may have been willing to defend the original complaint in the state court, it appears to be unwilling to litigate there the new and different causes of action asserted in the second amended complaint.

The rule is well settled that where an amendment makes a substantially new complaint, the time to remove dates from the time of the filing of the amendment. Henderson v. Midwest Refining Co., 10 Cir., 1930, 43 F.2d 23; Bator v. Hungarian Commercial Bank of Pest, D.C.S.D.N.Y.1950, 90 F.Supp. 609; Baron v. Brown, D.C.S.D. N.Y.1949, 83 F.Supp. 520. This point was stated in the Henderson case, supra, as follows:

"* * * Clearly, appellee in demurring to the original petition and obtaining a favorable ruling

of the court thereon, lost its right to removal of that cause of action to the federal court. But when the plaintiffs filed their amended petition stating a new and different cause of action, appellee's right to remove that case could not and did not arise until the amended petition was filed, and its application for removal of that cause was, on the facts stated, filed within the time required by the removal section. Mecke v. Valley Town Mineral Co., C.C., 89 F. 209; Evans v. Dillingham, C.C., 43 F. 177. Defendant apparently was content to remain in the state court on the cause of action stated in the original petition, but that seems to be no reason for denying to it its right of removal of an entirely new and different cause of action pleaded in the so-called amended petition. Moreover, the time within which removal may be made is not jurisdictional, but 'modal and formal.' Ayers v. Watson, 113 U.S. 594, 5 S.Ct. 641, 28 L. Ed. 1093; Powers v. Chesapeake & O. Ry. Co., 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673." 43 F.2d at page 25.

Although plaintiff attempts to distinguish Baron v. Brown and Henderson v. Midwest Refining Co., supra, on the ground that they were decided prior to May 24, 1949, when the present removal statute, 28 U.S.C.A. § 1446, became effective, she does not present any convincing reason for rejecting their applicability. Indeed, both cases were cited with approval by the Court of Appeals for the Fifth Circuit in Cliett v. Scott, 5 Cir., 1956, 233 F.2d 269, wherein Chief Judge Hutcheson said:

"* * * the authorities are overwhelming that, though a defendant has submitted himself to state court jurisdiction on one cause of action, this does not prevent his removing the cause when an entirely new and different cause of action is filed." At page 271.

The plaintiff cites the following cases in support of her motion for remand: Alley v. Nott, 111 U.S. 472, 4 S.Ct. 495, 28 L.Ed. 491; Becker v. Glenn, D.C.W.D.Ky.1939, 29 F.Supp. 558; Best Foods, Inc., v. Mitsubishi Shoji Kaisha, Ltd., D.C.S.D.N.Y.1928, 39 F.2d 620; Painter v. New River Mineral Co., C.C. W.D.Va.1899, 98 F. 544. However, with the exception of Alley v. Nott, supra, in each of the aforementioned cases the court expressly found that the amended pleading did not state a new cause of action or amount to the bringing of a new suit. The case of Alley v. Nott, supra, did not involve an amended pleading and is clearly not in point.

Plaintiff's motion to remand this case to the Supreme Court of the State of New York for the County of New York is denied.

So ordered.