## SCHARFF & Another *v.* LEVY & Another.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.

Submitted November 24, 1884.—Decided December 15, 1884.

A case cannot be removed from a State court under the act of March 3, 1875, 18 Stat. 470, after hearing on a demurrer to a complaint because it did not state facts sufficient to constitute a cause of action. *Alley* v. *Nott,* 111 U. S. 472, affirmed.

The facts are stated in the opinion of the court.

*Mr. John W. Noble* and *John C. Orrick* for plaintiff in error.

*Mr. John P. Ellis* and *Mr. Jeff. Chandler* for defendant in error.

Mr. Chief Justice Waite delivered the opinion of the court.

The order remanding this cause to the State court from which it was removed is affirmed on the authority of *Alley* v. *Nott*, 111 U. S. 472, where it was decided that a case could not be removed from a State court under the act of March 3, 1875, ch. 137, 18 Stat. 470, after a hearing on a demurrer to a complaint because it did not state facts sufficient to constitute a cause of action. To that decision we adhere. The Code of Civil Procedure of New York, from which State that cause came, provided that the court might, in its discretion, allow the party in fault to plead over or amend after the decision against him on a demurrer. In Missouri, from which State this case comes, § 3518 of the Revised Statutes, 1879, provides that a plaintiff may amend, of course, with or without costs, as the court may order. But in Missouri, as in New York, a general demurrer to a petition or complaint raises an issue of law, which when tried, will finally dispose of the case unless the plaintiff amends or the defendant answers, as may be required. "If final judgment is entered on the demurrer, it will be a final determination of the rights of the parties, which can be pleaded in bar of another suit for the same cause of action." An issue of law involving the merits of the action is as much tried on the hearing of a demurrer in Missouri as it is in New York. The fact that in Missouri an amendment may be made or a plea filed as a matter of course does not affect the principle on which the right of removal depends.

The demurrer in the present case is not set out in full in the record, but it is conceded, in the brief of counsel for the plaintiffs in error, that it was "on the ground that the facts stated did not constitute a cause of action," and that would have been a fair inference from the entry, "demurrer filed," if the admission had not been made.                              *Affirmed.*