## Davis *v.* Chicago & N. W. Ry. Co.

### (*Circuit Court, N. D. Iowa, C. D.* June 10, 1891.)

REMOVAL OF CAUSES—LOCAL PREJUDICE—TIME OF APPLICATION.

Under the removal act of 1887, as amended in 1888, which provides that a cause may be removed on the ground of local prejudice "at any time before the trial thereof," an application for removal on the ground of local prejudice comes too late when made after a trial on the merits has been entered upon, though the jury were discharged without agreeing on a verdict.

At Law. Motion to remand to state court.
*F. W. Pillsbury* and *C. H. Clark*, for plaintiff.
*J. C. Cook*, for defendant.

SHIRAS, J. This cause was commenced in the district court of Wright county, Iowa, and was removed to this court upon the petition of the defendant, alleging the existence of local prejudice and influence. The transcript having been filed in this court, the plaintiff now moves for an order remanding the cause, for the reason, among others, that it appears on the face of the record that the petition for removal on the ground of local prejudice was not filed until after the cause had been once tried in the state court. From the record it appears that on the 25th day of March, 1889, the case came on for trial before a jury in the state court. The evidence was introduced and the case was submitted to the jury on on the 28th, and on the 29th the jury, being unable to agree, were discharged from further consideration of the cause, and the same was continued to the May term, and thence to the October term, of said court.

The petition for removal into the federal court was filed therein on the 10th of September, 1889.

Thus the question is presented whether, under the act of 1887 as amended by that of 1888, a cause can be removed on the ground of local prejudice or influence after a trial has been entered upon in the state court, but which, for any reason, did not become a final trial, so that the cause was pending for trial when the petition for removal was filed in the proper court. The decisions in the several circuits are not in accord upon this question, and it cannot be questioned that a strong argument can be made in support of either side of the proposition. The act of 1866 provided that the petition for removal might be filed "at any time before the trial or final hearing of the cause." The act of 1867 provided that the petition might be filed "at any time before the final hearing or trial of the suit." In cases arising under these statutes it has been held that the word "final" qualified both "hearing" and "trial," and that therefore, if a case was pending awaiting a trial, it could be removed, regardless of the number of previous trials or mistrials that might have taken place. These decisions of the supreme court are based upon the force given to the word "final" as qualifying the words "trial," as applicable to law actions, and "hearing," as applicable to suits in equity. *Insurance Co.* v. *Dunn*, 19 Wall. 214; *Vannevar* v. *Bryant*, 21 Wall. 41. In the act of 1875 the language used is that the petition for removal must be filed "before or at the term at which said cause could first be tried, and before the trial thereof." In construing this act it has been repeatedly held by the supreme court that the submission of a demurrer presenting an issue of law affecting the merits is a trial, within the meaning of the act, and that, even though after the ruling upon demurrer leave is granted or the right exists by the statute to amend, and the case is pending for final trial upon such amendment, the right of removal does not exist, because not applied for before the trial. *Alley* v. *Nott*, 111 U. S. 472, 4 Sup. Ct. Rep. 495; *Scharff* v. *Levy*, 112 U. S. 711, 5 Sup. Ct. Rep. 360; *Gregory* v. *Hartley*, 113 U. S. 742, 5 Sup. Ct. Rep. 743. When, therefore, the act of 1887 was enacted, it had been settled by repeated decisions of the supreme court that when the statute regulating removals used the term "before final trial or hearing," or the equivalent thereof, it meant that the removal might be had at any time when the cause was pending in the trial court awaiting trial, regardless of the number of previous trials or mistrials that had been had, for the reason that none of these could be deemed to be the final trial or hearing; but that if the language used in the statute was the equivalent of that found in the act of 1875, to-wit, "before the trial thereof," then the meaning was that the removal must be petitioned for before the judgment of the state court had been invoked upon any question of law or fact affecting the merits of the case, as upon a demurrer to the petition or plea, although such demurrer or plea might have been overruled, and the cause be pending for trial and final disposition. In the light of the interpretations given to these phrases, congress enacted in the act of 1887 and the amendatory act of 1888 that, on the ground of local prejudice

or influence, a cause may be removed by the defendant "at any time before the trial thereof." It is a settled principle that when, through judicial interpretation, certain words have acquired a well-understood meaning, and they are used in a subsequent statute touching the same subject, the presumption is that the legislature intended them in the sense already given them by previous interpretation. *The Abbotsford*, 98 U. S. 440; *Claflin* v. *Insurance Co.*, 110 U. S. 81, 3 Sup. Ct. Rep. 507. Is it not, therefore, the fair inference that when congress, in adopting the act of 1887, changed the phraseology from that used in the act of 1867 to that used in the act of 1875, it was intended that the words "before the trial thereof," found in the act of 1887, should bear the same construction that had been given them in the act of 1875?

This, it seems to me, is the fair inference from the change made in the words used; and, while it cannot be denied that there is much force in the reasoning found in the cases which hold the contrary view, yet, on the whole, to my mind the weight of the argument is with the cases that hold that, under the present statute, a removal on ground of local prejudices or influence cannot be had after a trial has once been had in the state court, or, in other words, that in this particular the present statute must bear the same construction as that of 1875, and hence, that after a trial upon the merits has been actually entered upon in the state court, it is too late to seek a removal to the federal court upon the ground of local prejudice or influence.

The motion to remand is therefore sustained, at the cost of defendant.