WINKLER v. CHICAGO & E. I. R. CO.

(Circuit Court, D. Indiana. May 6, 1901.)

No. 9,978.

1. REMOVAL OF CAUSES—TIME FOR FILING PETITION.

Although the statutes of Indiana do not prescribe the time for filing pleadings, and there are no rules of court fixing such time, the same being fixed in each case by order, yet, under 1 Burns' Rev. St. 1894, § 403, requiring the courts to direct the making up of issues without unreasonable delay, and Id. § 348, which provides that "the judgment on overruling the demurrer shall be that the party shall plead over," where a demurrer to the complaint was overruled on the third day of the second term after that to which the summons was returnable a petition for removal filed on the fourth day of the succeeding term is presumptively too late to come within the provisions for removals in the judiciary act of 1887–88, and the federal court will not take jurisdiction unless it affirmatively appears from the record that the state court extended the time to answer to that date.

2. SAME—TRIAL OF ISSUE OF LAW IN STATE COURT.

Under the removal provisions of the judiciary act of 1887–88, a defendant cannot remove a cause after the trial in the state court of an issue of law on demurrer to the complaint for want of facts.

3. SAME—SUFFICIENCY OF PETITION—CITIZENSHIP OF CORPORATION.

An averment in a petition for removal filed by a corporation defendant that it "was at the time of the commencement of the suit, and still is, a citizen and resident" of another state named, is insufficient to show jurisdiction in a federal court, where it is not shown by the record that it was created by the law of such state.

At Law.

John W. Kern and Coffey & McGregor, for plaintiff.

W. H. Lyford, Geo. A. Knight, and Elliott, Elliott & Littleton, for defendant.

BAKER, District Judge. This action was commenced by the plaintiff against the defendant on the 9th day of July, 1900, in the circuit court of Clay county, Ind., to recover damages for personal injuries. On the same day a summons was duly issued and served on the defendant, requiring it to appear in said court on the 9th day of October, 1900 (being the second day of the October term of that court), to answer the complaint. On the return day the defendant filed its demurrer to the complaint. No action appears to have been taken on this demurrer. On the 8th day of January, 1901 (being the second judicial day of the January term of said court), the defendant filed another demurrer to the complaint, alleging that it did not state facts sufficient to constitute a cause of action. On the next day the court overruled the demurrer, and the defendant saved an exception. Two days later the defendant filed its answer in four paragraphs; the first being in general denial, and the remaining paragraphs of answer setting up affirmative matters of defense. On January 21st the plaintiff filed his reply, in four paragraphs, to the second, third, and fourth paragraphs of the defendant's answer. Two days thereafter the defendant filed its separate demurrer to the third and fourth paragraphs of the plaintiff's reply. Without any action having been taken on the demurrer to these paragraphs of

reply, the cause was continued to the March term of the court. On March 21, 1901 (being the fourth judicial day of said term), the defendant filed its verified petition, accompanied by a bond, for the removal of the cause from the state court into this court. The application for removal was sustained, and the cause removed. The plaintiff now moves the court to remand the cause to the circuit court of Clay county, Ind. The sole ground presented in the motion to remand and in the argument of counsel is that the application for removal came too late. The defendant, however, insists that the application was seasonably filed, because the statute of this state does not fix the time for filing an answer or plea, and there is no rule fixing such time, and that the defendant, by demurring and filing its answer before any rule had been entered by the court therefor, was not debarred from removing the cause, under the terms of the statute of the United States. In the opinion of the court, the contention that the petition was filed in time is unsound. The statute (1 Burns' Rev. St. 1894, § 348) enacts that "the judgment upon overruling the demurrer shall be that the party shall plead over; * * * if a party fail to plead after the demurrer is overruled, judgment shall be rendered against him as upon a default." This provision of the statute, regardless of the fact that the application for removal was not made until the third term after the party might have been required to answer or plead, seems to me to be decisive against the right of removal. The defendant filed a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. There was a trial of this issue in the state court, and a judgment was rendered against the defendant. The statute required the court, in overruling the demurrer, to enter judgment that the defendant should plead over. The presumption, nothing to the contrary appearing in the record, is that the court entered an order requiring the defendant to plead to the complaint. The petition and record are silent as to the time within which the court ruled the defendant to answer. In the absence of any showing to the contrary, the court cannot indulge the presumption that the state court extended the time to answer from the third day of the January term to the fourth day of the March term. Indeed, the presumption should be that the answer filed two days after judgment on the demurrer was then filed in pursuance of a rule of the court made in conformity with the statute. At any rate, if the fact were otherwise, the burden was on the defendant to make it clear. The burden is on the defendant to affirmatively show that the state court did not enter a rule to answer before the petition for removal was filed, because the statute made that the duty of the court. The presumption that the court entered a rule fixing the time for answer is fortified by section 403, 1 Burns' Rev. St. 1894, which provides:

"On the second and each succeeding day of the term the court shall call as many of the causes which stand for trial at such term for issues as the business of the court will permit; the court shall call the causes in the order they stand on the docket, and shall compel the parties to file their respective pleadings and answers to interrogatories at such time as the court shall deem just, in no case allowing unreasonable delay; the pleadings shall be completed at an early day of the term."

This provision of the statute expressly limited the time within which the defendant was required to answer or plead to an early day of the October term. If it failed to do so, unless the court enlarged the time it would have been in default for want of an answer or plea. The court cannot, in view of these statutory provisions, indulge the presumption that the defendant was not required to answer or plead earlier than the fourth day of the March term.

Nor could the defendant remove the cause after there had been a trial of an issue of law upon the demurrer alleging that the complaint did not state facts sufficient to constitute a cause of action filed at the commencement of the second term after the filing of the complaint. Under the twelfth section of the judiciary act of 1789 (1 Stat. 73, c. 20), the defendant was required to file his petition for removal at the time of entering his appearance. By the act of 1866 (14 Stat. 306, c. 288), the removal might be had "at any time before the trial or final hearing of the cause." Under the act of 1875 (18 Stat. 471, § 3, c. 137), the petition was required to be filed "before or at the time at which said cause could be first tried and before the trial thereof." The right of removal has never been extended beyond the limits prescribed in the two last above cited statutes. It has been uniformly held in construing these statutes that a trial upon an issue of law in the state court barred the right of removal. Alley v. Nott, 111 U. S. 472, 4 Sup. Ct. 495, 28 L. Ed. 491; Scharff v. Levy, 112 U. S. 711, 5 Sup. Ct. 360, 28 L. Ed. 825; Gregory v. Hartley, 113 U. S. 742, 5 Sup. Ct. 743, 28 L. Ed. 1150; Laidly v. Huntington, 121 U. S. 179, 7 Sup. Ct. 855, 30 L. Ed. 883. And it has also been uniformly held that the act of March 3, 1887, as re-enacted and re-enrolled in the act of August 13, 1888, contracted the then existing jurisdiction of the courts of the United States in respect of their jurisdiction over original as well as removed causes of action. To hold that the present application was presented in time would be to enlarge the right of removal beyond that which was given under the acts of 1866 and 1875. The supreme court, in the case of Martin's Adm'r v. Railroad Co., 151 U. S. 673, 685, 687, 14 Sup. Ct. 533, 38 L. Ed. 311, having the acts of 1887–88 under consideration, said:

"Construing the provision now in question, having regard to the natural meaning of its language and the history of the legislation upon this subject, the only reasonable inference is that congress contemplated that the petition for removal should be filed in the state court as soon as the defendant was required to make any defense whatever in that court, so that, if the case should be removed, the validity of any and all of the defenses should be tried and determined in the circuit court of the United States."

See, also, Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517.

This declared purpose of the statute can only be accomplished by holding that the petition for removal must be filed in the state court before the trial of an issue of law upon a demurrer to the complaint for want of facts.

This cause, however, must be remanded on another ground, not suggested by counsel. The complaint alleges as follows:

"Frank Winkler, plaintiff, complains of the Chicago & Eastern Illinois Railroad Company, defendant, and says that on the 5th day of March, 1900, the said defendant then was, and for a long time prior thereto had been, and still is a duly-organized corporation, organized for railroad purposes, and then was, and for a long time prior thereto had been, and still is the owner and is operating a line of railroad in Clay county, Indiana, and is a common carrier of passengers and freight."

It is not stated in the complaint under the laws of what state the corporation was created. The petition for removal, so far as material to the determination of the question, is as follows:

"That the controversy in said suit is between citizens of different states, and that your petitioner, the defendant in the above-entitled suit, was at the time of the commencement of this suit, and still is, a resident and citizen of the state of Illinois, with its principal office in the city of Chicago, in the county of Cook, in said state of Illinois, and that the plaintiff was then, and still is, a citizen of the state of Indiana."

It is shown by the complaint that the defendant was and is a corporation, but it is not shown that it was created by or organized under the laws of the state of Illinois or of any other state. The sole statement contained in the petition is that it was at the time of the commencement of the suit, and still is, a resident and citizen of the state of Illinois, with its principal office in that state. This is not sufficient. A corporation is not a citizen of the United States or of any state, within the meaning of the word "citizen" as used in the constitution of the United States. The word has no sensible meaning when so used. In Insurance Co. v. French, 18 How. 404, 405, 15 L. Ed. 451, which was an action brought by citizens of Ohio in the circuit court of the United States for the district of Indiana, the declaration described the defendant as "the Lafayette Insurance Company, a citizen of the state of Indiana." The supreme court said:

"This averment is not sufficient to show jurisdiction. It does not appear from it that the Lafayette Insurance Company is a corporation, or, if it be such, by the law of what state it was created. The averment that the company is a citizen of the state of Indiana can have no sensible meaning attached to it."

See, also, Hotel Co. v. Jones, 177 U. S. 449, 20 Sup. Ct. 690, 44 L. Ed. 482, and cases there cited.

The jurisdiction of the circuit courts of the United States over suits between citizens of one state and a corporation of another state was at first maintained upon the theory that the persons composing the corporation were suing or being sued in its name, and upon the presumption of fact that all those persons were citizens of the state by which the corporation was created, but that the presumption might be rebutted by plea and proof, and the jurisdiction thereby defeated. This was decided on March 15, 1809, in the case of Bank v. De Veaux, 5 Cranch, 61, 3 L. Ed. 38, which was followed by many cases in the supreme and circuit courts of the United States. The law as there declared remained the rule of decision until the case of Railroad Co. v. Letson, 2 How. 497, 11 L. Ed. 353, which was decided at the January term, 1844, in which the earlier cases were overruled. In that case it was held that a

corporation created by the law of a state, and transacting business therein, was to be deemed an inhabitant of the state, capable of being treated as a citizen for all purposes of suing and being sued, and the averment of the facts of its creation and the place of its doing business was sufficient to give the circuit courts jurisdiction. It has never been held, however, that it was sufficient merely to allege that the corporation defendant is a citizen of a particular state. As was said in Muller v. Dows, 94 U. S. 444, 24 L. Ed. 207:

"A corporation itself can be a citizen of no state, in the sense in which the word 'citizen' is used in the constitution of the United States. A suit may be brought in the federal courts by or against a corporation, but in such a case it is regarded as a suit brought by or against the stockholders of the corporation, and for the purposes of jurisdiction it is conclusively presumed that all the stockholders are citizens of the state which by its laws created the corporation. It is therefore necessary that it be made to appear that the artificial being was brought into existence by the law of some state other than that of which the adverse party is a citizen."

The removal act of March 3, 1887, as re-enacted and re-enrolled by the act of August 13, 1888, authorizes any action of a civil nature brought in any court of a state between citizens of different States, and in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000, to be removed into the circuit court of the United States "by the defendant or defendants therein, being non-residents of that state." In order to be a "non-resident of that state," within the meaning of the statute, the defendant must be a citizen and resident of another state, or a corporation created by the laws of another state. Martin v. Railroad Co., supra. The defendant is shown by the complaint to be a railroad corporation, but it does not appear either in the petition for removal or elsewhere in the record that the corporation was created by or organized under the laws of any particular state. Failing to show that the corporation was created by the laws of a state other than the state of Indiana, the petition fails to show that the action is one of which this court can entertain jurisdiction. The motion to remand is sustained.