## O. G. ORR & CO., Inc., v. FIREMAN'S FUND INS. CO.

District Court, S. D. New York, December 14, 1929.

. Robert H. Elder, of New York City (Otho S. Bowling, of New York City, of counsel), for the motion.

Bigham, Englar, Jones & Houston, of New York City (Arthur W. Clement and Henry J. Bogatko, both of New York City, of counsel), opposed.

WOOLSEY, District Judge. The motion to remand is granted.

The steps which were taken in this action in the New York Supreme Court for Greene county are as follows:

On August 16, 1929, this action was commenced in behalf of the plaintiff, alleged to be a New York corporation, by the service herein of a summons and complaint on the superintendent of insurance of New York state. By this service, under the provisions of the laws of New York, personal jurisdiction was secured over the defendant, a California corporation doing an insurance business within New York state.

In normal course the time to answer and the period within which removal to this court could have been made would have expired on September 5, 1929. On August 31, 1929, however, the defendant took the two following steps in the action:

(1) It served a notice of motion for a judgment dismissing the complaint on the ground that a certificate of dissolution of the plaintiff corporation, dated March 5, 1919, had been filed in the office of the secretary of New York state, and that in consequence the plaintiff did not have any legal capacity to maintain this action. The motion was made under rule 107 of the Rules of Civil Practice of New York, and was returnable on September 7, 1929.

(2) Not relying solely on the provisions of the New York Civil Practice Act, § 283, for extension of time to answer in such circumstances, the defendant also secured an order extending its time to "answer, plead or otherwise move" with respect to the complaint until ten days after the service of notice of entry of the order deciding the motion made by the defendant for judgment dismissing the complaint.

The motion for judgment came on to be heard in pursuance of the notice, and was denied. The order denying it was signed on September 7, 1929, filed and entered on September 10, 1929, and served, with notice of entry, on the plaintiff's attorney on September 11, 1929.

Therefore, under the order, extending the defendant's time to answer till ten days after the service of this notice, the period within which the defendant could serve its answer in the New York state court would have expired on September 21, 1929.

On September 14, 1929, the defendant filed a petition and bond for the removal of the case to this court in pursuance of notice of intention to do so served on the plaintiff's attorney on September 10, 1929.

The formal steps to effectuate the removal were accordingly taken within the period allowed under the settled practice in this district. Rycroft v. Green (C. C.) 49 F. 177; Lord v. Lehigh Valley R. Co. (C. C.) 104 F. 929; Hinman v. Barrett (D. C.) 244 F. 621.

The present difficulties of the defendant's situation in this court, therefore, do not involve the time of the removal, but its acts prior to removal. Having been defeated in the state court on an issue involved in its defense, the defendant has now decided to take refuge in this court. This cannot be allowed.

A careful reading of the authorities, and much reflection regarding the theory on which the proper exercise of the right of removal must be founded convinces me, although I do not find it stated elsewhere in just this form, that the only basis on which a federal court will be hospitable to a litigation translated from a state court is where

the federal court is given the whole case to decide in all its aspects, and is thus left free to exercise a plenary jurisdiction in respect of the case, untrammelled by any procedural estoppels resulting from the acts or omissions of the defendant, who has effected the removal. Cf. Martin v. Baltimore & Ohio R. Co., 151 U. S. 673, 687, 14 S. Ct. 533, 38 L. Ed. 311.

The motion to dismiss on the ground of plaintiff's incapacity to sue is the modern New York equivalent of a plea in abatement. The defendant's motion, made on this ground, was heard by the state court and denied.

Having thus on its own initiative submitted itself to the jurisdiction of the state court, and having unsuccessfully tried there an issue, which, if successfully maintained, would have resulted in a dismissal of the action, the defendant elected its forum; and, having made the election, it cannot thereafter be allowed to remove the case to the federal court.

If the defendant should make a similar motion here, the law of the case on such a motion would necessarily be the decision of the state court, because that settled the issue between the parties. This situation pointedly illustrates the reason why the removal of this case was precluded by the defendant's act. Such a straddle as the defendant has attempted cannot be tolerated where, as under our system, courts of two different sovereignties exercise their respective jurisdictions in the same territory.

I do not find any controlling authority which is opposed to the views I have expressed.

In the case of Collins Mfg. Co. v. Wickwire Spencer Steel Co. (D. C.) 11 F.(2d) 196, where the motion to remand was denied, the defendant had merely appeared and resisted in invitum an attempt to secure an injunction as to which a hearing was forced on him.

In Atlanta, K. & N. Ry. Co. v. Southern Ry. Co. (C. C. A.) 131 F. 657, 660, 661, on an appeal from an injunction pendente lite, on which the question of remand incidentally arose, Justice Lurton, then Circuit Judge, held that neither the filing of an answer nor attendance on a hearing to dissolve an ex parte injunction granted, as of course, in a state court on the filing of a bill, waived the right to remove.

A hearing on a demurrer which is final, and after which there is not any right to answer over, was held to preclude removal in Alley v. Nott, 111 U. S. 472, 474, 4 S. Ct. 495, 28 L. Ed. 491, and, even where by the state court practice the defendant has a right after unsuccessful demurrer to answer over, the same rule has obtained. Scharff v. Levy, 112 U. S. 711, 712, 5 S. Ct. 360, 28 L. Ed. 825. And so it is also if the state court practice requires dilatory pleas to be first filed and the time to file such pleas has expired. Martin v. Baltimore & Ohio R. Co., 151 U. S. 673, 687, 14 S. Ct. 533, 38 L. Ed. 311.

The above covers the situation as it existed when the motion to remand was made. Since the argument of that motion, the defendant, on October 28, 1929, filed its answer in this court.

I think, perhaps, that I cannot point my moral better than by calling attention to the fact that in its answer the defendant apparently seeks again to raise the question of the plaintiff's incapacity to sue owing to its dissolution. Thus the defendant asks a new day in a new court on an issue which has been finally settled, as the law of the case, between the parties hereto, by the above-mentioned order of the New York Supreme Court, from which, owing to the removal, an appeal could not be taken.

The defendant cannot thus retrieve a lost issue.