**Frank P. VENDETTI, Plaintiff,**

v.

**Dr. James L. SCHUSTER, Defendant.**

**No. 41–65.**

United States District Court
W. D. Pennsylvania.

June 14, 1965.

J. S. Jiùliante, Sr., Erie, Pa., for plaintiff.

John G. Gent, Erie, Pa., for defendant.

**748**

WEBER, District Judge.

The matter before the Court involves a petition to remand a removed action to the State Court where it originated. The plaintiff and moving party contends that the removal was not timely made under the provisions of 28 U.S.C.A. § 1446(b), and should be remanded under the provisions of 28 U.S.C.A. § 1447(c).

The case has a long history and we feel it necessary to recite several relevant portions thereof in support of the conclusions reached herein.

Plaintiff alleges that he suffered an injury by reason of the negligent action of the defendant in performing a surgical operation upon him in the Veterans' Administration Hospital at Erie, Pennsylvania, on May 7, 1958. Plaintiff filed the original action in trespass in the Court of Common Pleas of Erie County, Pennsylvania, against defendant on June 3, 1959. Defendant thereafter filed preliminary objections in the nature of a motion for a more specific statement as a result of which plaintiff filed amendments to his complaint specifying in detail the nature of the alleged negligent acts of defendant. Thereafter, on March 21, 1960, the defendant issued a praecipe for a writ to join the United States of America as an additional defendant in the action under the Pennsylvania Third-Party Defendant Practice, which allows such joinder when the defendant pleads that the additional defendant is either solely liable on the cause of action stated or is either jointly or severally liable with him to the plaintiff, or is liable for indemnification or contribution to the defendant. The United States objected to the attempted joinder and filed a motion to dismiss which was granted on June 18, 1962.

Also, on April 21, 1960 the defendant in the within action filed a complaint in the United States District Court against the United States of America under the Federal Tort Claims Act, 28 U.S.C.A. § 1346 et seq., in which he alleged that the above suit was being maintained against him in the Pennsylvania courts for the injuries claimed by plaintiff and that the said injuries were caused by the negligence of other officers and employees of the United States of America in the treatment of the plaintiff, and that therefore the United States of America would be liable to the defendant in the state action for indemnification or contribution for damages which might bs sustained by him as a result of any liability which might be imposed upon him in the state action. On November 1, 1960, the United States District Court action was dismissed as being prematurely brought, Schuster v. United States of America, Civil Action No. 724 Erie, United States District Court, Western District of Pennsylvania.

Since under the Pennsylvania practice the filing of an appearance by the defendant in a trespass action operates as a general denial, no responsive pleading is required, and the case was listed on the Trial List of the Court of Common Pleas of Erie County, Pennsylvania, on the January 1962 Trial List, and was continued remanet on successive trial lists.

On January 6, 1964, the defendant filed a Motion for Leave to File an Answer to the Complaint and Amended Complaint which was granted. This answer raised the defense that the defendant was an officer of the United States and immune from suit in a state court under Federal law. At the same time the defendant moved to dismiss the action and moved for Judgment on the Pleadings on the grounds that the defendant was an employee of the United States and acting within the scope of his official duties as such employee when the injury complained of occurred and thus the plaintiff is barred from suit by virtue of the provisions of the Federal Tort Claims Act, 28 U.S.C.A. § 1346. On September 28, 1964, the Court of Common Pleas of Erie County, Pennsylvania, dismissed defendant's motions for dismissal and for judgment on the pleadings, holding that the immunity from suit claimed by the defendant did not apply to the negligence charged to have been committed by defendant as a surgeon in the operating

room. 48 Erie County Legal Journal 38, ———— Pa.D. & C.2nd ————.

An appeal taken to the Supreme Court of Pennsylvania was quashed by that Court on the ground that the Order of the lower court was interlocutory and not appealable, April 20, 1965, 418 Pa. 68, 208 A.2d 864.

Within the twenty day period of notification of the decision of the Pennsylvania Supreme Court quashing the appeal the defendant in the State court action filed his petition to remove the action to the United States District Court.

The plaintiff now moves to remand the case to the State Court raising the objection that the removal was not timely under 28 U.S.C.A. § 1446(b) which provides that the petition for removal shall be filed within twenty (20) days after receipt by the defendant of a copy of the initial pleading setting forth the claim for relief. The defendant petitioner points to the second paragraph of § 1446 (b), which recites:

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

The defendant argues that none of the plaintiff's pleadings ever indicated that defendant was a federal officer at the time the surgery was performed, or was acting under color of his office, and in fact the plaintiff has strenuously maintained after the issue was raised by defendant's Answer that the defendant was not a federal officer at the time the surgery was performed. The defendant argues that it must be the plaintiff who asserts a removable case and the defendant cannot by making allegations which are denied by the plaintiff develop a removable case. The defendant cites Putterman v. Daveler, 169 F.Supp. 125 (D.C. Del.1958) as supporting this position. There the Court said at page 130:

"Where an action as originally brought in a State Court was not removable to a Federal Court but certain circumstances have changed and the action has become removable, the cases have uniformly held that, in order to become removable, such change of circumstances must have been brought about by the voluntary act of the plaintiff. Thus, where an amended pleading of the plaintiff had removed a party whose presence prevented removal, or a voluntary non-suit or a discontinuance as to such party was had, the Courts have held that the case had become removable. It is uniformly otherwise where the non-suit or dismissal was involuntary on the part of the plaintiff and it has been held that a verdict rendered in favor of a resident defendant does not make the case removable by a co-defendant."

In that case it was the motion of the resident defendant, itself, that was sought by a co-defendant as the ground of removal. Similarly, Potter v. Carvel Stores of New York, Inc., 203 F.Supp. 462, at page 467 (D.C.Md.1962), states:

"The authorities are uniform that, unlike the case at bar, the 'amended pleading, motion, order, or other paper' must emanate from either the voluntary act of the plaintiff in the state court, or other acts or events not the product of the removing defendant's activity * * * Thus, the flaw in defendant's contention is that the 1949 amendment to 28 U.S. C.A. § 1446(b) did not create a new jurisdictional basis for removal arising out of his filing a motion to dismiss, or, in the alternative, to stay the proceedings. The amendment was not designed to permit a defendant to remove by reason of an issue he interjected into the state proceedings."

In both of the above cases it must be noted that the removal which was sought was claimed under the provisions of 28 U.S.C.A. § 1441 ("Actions removable generally"), which covers any civil ac-

tion brought in a State Court of which the District Court of the United States has original jurisdiction. These cases can be distinguished because the defendant in this case seeks removal under the provisions of 28 U.S.C.A. § 1442(a) (1) ("Federal officers sued or prosecuted"). The defendant claims that this is

"a civil action * * * commenced in a State court against (an) * * (1) * * * officer of the United States or any agency thereof, or person acting under him, for any act under color of such office * * *"

In Poss v. Lieberman, 299 F.2d 358 (2nd Cir. 1962), the right of a defendant, an officer of the United States Secret Service, to remove a libel action brought against him in the State court to the Federal court under 28 U.S.C.A. § 1442 (a) (1) was contested because there was nothing in the facts stated in the plaintiff's pleading to show such right of removal. The Second Circuit held that such facts may be stated in the defendant's petition for removal under the statute relating to actions against federal officers. (Section 1442(a) (1)).

■ In discussing the difference between actions removable under § 1441 and those under § 1442(a) (1), the Court said at page 359:

"Under the removal statute 28 U.S.C. § 1441 it is necessary for the facts to appear on the face of the complaint or subsequent amendments filed by the plaintiff; as to this there is no disagreement. Romick v. Bekins Van & Storage Co., 197 F.2d 369 (5 Cir. 1952). Hart & Wechsler, The Federal Courts and the Federal System, 763 n. 1 (1953). This is because the case may be removed under Section 1441 only where it is one over which the federal courts would have original jurisdiction. This they do not have based upon a federal right asserted by way of defense. This is not the case, however, under 28 U.S.C. § 1442(a) under which the removal in this case was sought and obtained. The re-

moval is based on a federal interest in the matter, the facts underlying which may be stated in the removal petition itself, whether or not federal jurisdiction existed over the claim as stated in the complaint as originally served. Where a federal officer asserts a privilege for acts done under color of his office the defense is based upon a federal right, the purpose of which is to prevent federal employees from being unduly harassed by 'vindictive or ill founded damage suits brought on account of action taken in the exercise of their official responsibilities.' Barr v. Matteo, 360 U.S. 564–565, 79 S.Ct. 1335, 1336, 3 L.Ed.2d 1434. Consequently, the federal government has a special interest in such matters which justifies the granting of removal jurisdiction to the federal courts in such cases. Congress has not in § 1442, as in § 1441, required that the case be one over which the court have original jurisdiction in order for the defendant to obtain removal. In the Revision of Title 28 U.S.Code, Act of June 25, 1948, c. 686 [646], 62 Stat. 938, the right of removal was extended to apply to all officers and employees of the United States or any agency thereof. See Reviser's Note 28 U.S.C.A. § 1442. The action was properly removed."

The Second Circuit has reaffirmed this holding.

"Under our rulings in Poss v. Lieberman, 299 F.2d 358 (2nd Cir.), cert. denied 370 U.S. 944, 82 S.Ct. 1585, 8 L.Ed.2d 810 (1962); and Ove Gustavsson Contracting Co. v. Floete, 299 F.2d 655 (2nd Cir.), cert. denied 374 U.S. 827, 83 S.Ct. 1862, 10 L.Ed.2d 1050 (1963), removal was proper under 28 U.S.C. § 1442 (a) (1), even though the grounds were not apparent on the face of the complaint." Blitz v. Boog, 328 F.2d 596 (2d. Cir. 1964)

Therefore, under the facts shown by this record, the defendant could have removed

this action to the United States District Court within twenty days of receipt of the original pleading in the state courts on the grounds that he was an "officer of the United States or any agency thereof, or any person acting under him, for any act under color of such office," under the terms of 28 U.S.C.A. § 1442(a) (1), by setting forth such fact in his petition for removal. We do not now hold that defendant was bound to remove at that time, since our decision can rest upon other subsequent matters in the record that clearly show the ascertainable grounds for removal at an earlier time than the present petition.

■ 28 U.S.C.A. § 1446(b) requires removal twenty days after the initial pleading or within twenty days after receipt of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable. A large body of cases support the proposition that this requirement is to be strictly construed and that a party failing to file a petition for removal of a cause to the Federal court in time is precluded from doing so at any subsequent state of the proceedings. See 1 Barron & Holtzoff, Federal Practice and Procedure § 107 and cases thereunder.

We, therefore, turn to the critical question of the time when it could be first ascertained that the case is one which is or has become removable. As we have previously stated, the distinction between the § 1441 cases and the § 1442(a) cases lies in the fact that the facts entitling the party to remove the § 1442(a) (1) cases may be set forth in the removing party's own petition and need not appear from the plaintiff's pleadings, amended pleadings, motion, or order of court. The history of this case shows that the defendant in the State court action has interjected federal issues and federal questions into the action and related actions since 1960. On April 21, 1960, the defendant attempted to join the United States of America as additional defendant in the state court action. At about the same time this defendant also brought suit in the United States District Court as plaintiff against the United States of America under the Federal Tort Claims Act.

■ On January 6, 1964, the defendant filed the motion to dismiss and the motion for judgment on the pleadings. On September 28, 1964, after consideration of argument and briefs, the Court of Common Pleas of Erie County, Pennsylvania, refused the motion for judgment on the pleadings and refused the motion to dismiss. This was a specific denial that defendant was the type or class of government official to whom such immunity applied. In his appeal to the Supreme Court of Pennsylvania, the defendant again raised the question of immunity. Defendant argues that any attempt to remove his case after the ruling of the Common Pleas Court would have been at the risk of loss of his right of appeal to the State Appellate Court and that the Common Pleas Court ruling on the merits of the defense would have been binding upon the Federal Court as being the final order not appealed from. Defendant overlooks that the removal petition and order stays the state court proceedings. All of these problems were obviated by the determination of the Pennsylvania Supreme Court that the Lower Court order was interlocutory and not appealable.

■ This brings defendant to his final conclusion that the case was not capable of removal until after defendant received the order and opinion of the Supreme Court of Pennsylvania. We cannot agree with defendant's argument that the Supreme Court of Pennsylvania treated the defendant as an officer of the United States acting under the color of office, since the only mention in the Supreme Court opinion of this ground is in the following words:

"Even if the defendant is in fact immune from suit as he contends, the Court below undoubtedly had jurisdiction of the cause of action." 418 Pa. 68, 208 A.2d 864 (April 20, 1965).

This is merely an assumption by that Court for the purpose of argument, and in no sense represents a holding of that Court nor can we now see that this is the first stage in the record of the case from which the defendant could have ascertained that the case is one which is or has become removable. Having determined that when the right to removal is asserted under § 1442(a) (1) it is not dependent upon a pleading of the plaintiff, but may be raised by the defendant in his petition for removal or otherwise, we may examine the cases under which the time limitation has been applied to preclude a defendant from removing after twenty days from the time when the right to removal became apparent other than 'n a plaintiff's pleading.

In Hamilton v. Hayes Freight Lines, Inc., 102 F.Supp. 594 (E.D.Ky.1952), it was held that a petitioner was precluded from filing its petition for removal after twenty days from the time when the petitioner ascertained from an answer filed° in an ancillary proceeding in the state courts that the case was removable. Furthermore, it was held that the right to remove the action was not conditional or dependent on final determination of pending State Court proceedings in respect to the case to enlarge the time for filing a petition for removal beyond the statutory limitation in order to wait the conclusions of such proceedings.

In Stack et al. v. Strang, 191 F.2d 106 (2nd Cir. 1951), a state court action was commenced against a defendant which did not disclose that the defendant was being sued for an act performed under color of office as an agent of the United States. The defendant filed preliminary objections to that complaint which resulted in an order of the state court entered June 26, 1950, dismissing the complaint with leave to amend. The order of dismissal recited that the suit was in reality a suit against the United States and that the Government had not consented to be sued and therefore the court was without jurisdiction. The plaintiff filed an amended complaint July 10, 1950 and on July 24 the defendant caused the action to be removed to the Federal Court under the provisions of 28 U.S.C.A. § 1442(a) (1). A motion to remand was filed alleging that the removal was made more than twenty days after the federal right had become ascertainable. The Circuit Court held that 'the right of removal was apparent from the order of the state court dismissing the original complaint and that the twenty day period for removal began to run thereafter. This action was taken despite the fact that the state court action was not a final dismissal since it granted leave to the plaintiff to amend his complaint.

■ The fact that the defendant in this case was an officer of the United States or an agency thereof, or a person acting under him, in an act done under color of office, was clearly and definitely established on the State Court record when Judge Laub in his opinion and order stated:

"It is necessary, however, to point out that the defendant was a contract employee of the hospital (U. S. Veterans' Administration Hospital), being designated in his contract as an attending orthopedic surgeon."
48 Erie Co. Leg. Journal at p. ——
—— Pa.D. & C.2d, at p. ——.

Here, despite the prior occasions when the issues may have been raised in these or in collateral proceedings, and despite the defendant's own knowledge, an ascertainable ground for removal appears on the record by order of court.

■ Another weighty reason operates to bar the defendant from removal. As was most aptly stated by Judge Woolsey in O. G. Orr & Co. v. Fireman's Fund Ins. Co., 36 F.2d 378, (S.D.N.Y.1929):

"The present difficulties of the defendant's situation in this court, therefore, do not involve the time of the removal, but its acts prior to removal. Having been defeated in the state court on an issue involved in its defense, the defendant has now decided to take refuge in this court. This cannot be allowed. A careful

reading of the authorities, and much reflection regarding the theory on which the proper exercise of the right of removal must be founded convinces me, although I do not find it stated elsewhere in just this form, that the only basis on which a federal court will be hospitable to a litigation translated from a state court is where the federal court is given the whole case to decide in all its aspects, and is thus left free to exercise a plenary jurisdiction in respect of the case, untrammelled by any procedural estoppels resulting from the acts or omissions of the defendant, who has effected the removal. Cf. Martin v. Baltimore & Ohio R. Co., 151 U.S. 673, 687, 14 S.Ct. 533, 38 L.Ed. 311.

\* \* \* \* \* \*

Having thus on its own initiative submitted itself to the jurisdiction of the state court, and having unsuccessfully tried there an issue, which, if successfully maintained, would have resulted in a dismissal of the action, the defendant elected its forum; and, having made the election, it cannot thereafter be allowed to remove the case to the federal court.

If the defendant should make a similar motion here, the law of the case on such a motion would necessarily be the decision of the state court, because that settled the issue between the parties. This situation pointedly illustrates the reason why the removal of this case was precluded by the defendant's act. Such a straddle as the defendant has attempted cannot be tolerated where, as under our system, courts of two different sovereignties exercise their respective jurisdictions in the same territory.

\* \* \* \* \* \*

I think, perhaps, that I cannot point my moral better than by calling attention to the fact that in its answer the defendant apparently seeks again to raise the question of the plaintiff's incapacity to sue owing to its dissolution. Thus the defendant asks a new day in a new court on an issue which has been finally settled, as the law of the case, between the parties hereto, by the above-mentioned order of the New York Supreme Court, from which, owing to the removal, an appeal could not be taken. The defendant cannot thus retrieve a lost issue." (p. 379).

The defendant submitted his complete. immunity defense to the State Court.

Judge Laub in his opinion recognized the immunity doctrine as set forth in Gregoire v. Biddle, 177 F.2d 579 (2nd Cir. 1949), and Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 1347, 3 L.Ed.2d 1434 (1959), as well as the arguments of the opponents of the doctrine.

"Whatever may be said of it, the fact at this level is that the doctrine exists in both the Federal and Pennsylvania law. The problem before us is, therefore, whether the defendant was a high-ranking public officer of government at the time of the operation, and whether, at that time, he was performing a purely public duty. If the answer to both these questions is in the affirmative, the doctrine immunizes him from this action."

Vendetti v. Schuster
48 Erie Co. L. J. ———
——— Pa.D. & C.2d ———
Erie Co. Pa., 1964).

The Common Pleas Court held that the circumstances of the physician-patient relationship in this case, the position of the defendant on the medical staff of the Veterans' Administration Hospital, the circumstances under which the alleged act of negligence occurred, and the absence of policy making functions in the hands of defendant, all precluded the application of the immunity doctrine.

Numerous cases support the proposition that by litigating the issues in the state court, by demurrer, by pleas in abatement, by answer on the merits, by trial, or other evidence of submission to the state court's jurisdiction, operate to waive the right of removal. Alley v. Nott, 111 U.S. 472, 4 S.Ct. 495, 28 L.Ed. 491; Scharff v. Levy, 112 U.S. 711, 5 S.Ct. 360, 28 L.Ed. 825; Martin v. B. & O. R. R. Co., 151 U.S. 673, 14 S.Ct. 533, 38 L.Ed. 311; Briggs v. Miami Window Corp., D.C., 158 F.Supp. 229; Vanderwater v. City National Bank of Kankakee, D.C., 28 F.Supp. 89; General Phoenix Corp. v. Malyon, D.C., 88 F. Supp. 502.

Although it was not a removal case, the Supreme Court of the United States has stated what we believe to be a principle of general application to this problem: In England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964), where the United States District Court had abstained from decision pending a review of the state statute in the state courts, and when after full litigation of all issues in the state courts including the Federal Constitutional question the plaintiffs sought to return to the United States District Court, the Supreme Court held at 375 U.S. p. 419, 84 S.Ct. p. 467:

"We now explicitly hold that if a party freely and without reservation submits his federal claims for decision by the state courts, litigates them there, and has them decided there, then—whether or not he seeks direct review of the state decision in this Court—he has elected to forgo his right to return to the District Court."

For the reasons above stated we are of the opinion that the within action must be remanded to the state court because the removal was not timely and because the defendant has waived his right of removal by the submission of his Federal question to the state court, without reservation.